■ TRAVELERS INSURANCE COMPANY, Appellant-Respondent, v. BARRY BESCHEL, an Infant, by His Father and Natural Guardian, HENRY W. BESCHEL, et al., Appellants. HENRY W. BESCHEL, Respondent-Appellant, et al., Defendant.— In an action *inter alia* for a declaratory judgment, (1) plaintiff appeals from that part of an order of the Supreme Court, Nassau County, dated December 5, 1972, which, upon a motion by defendant Carola for summary judgment, adjudged that it must, under the provisions of its homeowner's policy, defend defendant Henry Beschel, individually, in an action by defendant Carola based on common-law negligence and indemnify him against any judgment that may be obtained against him therein within the liability limits of said policy; and (2) defendants Barry Beschel, Henry W. Beschel and Lorraine Carola appeal from that part of the same order which adjudged that plaintiff is not obligated to defend the Carola action on behalf of said defendants Beschel or to indemnify said defendants insofar as the ownership, operation or use of a certain motorized minicycle is concerned. Order modified, on the law, by striking therefrom the third decretal paragraph and substituting therefor a provision adjudging that plaintiff is not required to defend defendant Henry Beschel, individually, against the Carola action based on common-law negligence or to indemnify him against any judgment that may be obtained against him therein within the liability limits of its homeowner's policy. As so modified, order affirmed, with $20 costs and disbursements to plaintiff jointly against defendants appearing separately and filing separate briefs. Plaintiff instituted this action for a judgment declaring that it was not obligated under either its homeowner's policy covering the Beschel home or its automobile policy issued to Henry Beschel to defend defendants Barry and Henry Beschel and Peter Lancina, Jr. in an action which had been brought against them by defendant Lorraine Carola. Defendant Carola moved for summary judgment declaring that coverage existed under the homeowner's policy. The motion did not concern itself with coverage under the automobile policy, so that is not before us. The personal injury action by defendant Carola arose out of an accident which occurred on July 10, 1971 involving

a motorized minicycle operated by defendant Lancina and a bicycle operated by defendant Carola. It is agreed that, at the time, defendant Barry Beschel possessed a minicycle which had been given to him by his father, defendant Henry Beschel. Barry was 14 years old. The father bought the minicycle with the understanding that Barry would not operate it on public roads. On July 10, 1971 Barry permitted an adult, defendant Lancina, to operate it. While doing so away from the Beschel home, Lancina struck Lorraine Carola. The homeowner's policy, which contained a liability limit of $50,000, covered the Beschel home for the period of March 5, 1969 to March 5, 1972. Plaintiff interposed an answer on behalf of the Beschels in the Carola action, under a full reservation of rights, pending an outcome of the instant action for a declaratory judgment. In our opinion, Special Term properly held that plaintiff was not obligated to defend the Carola action on behalf of defendants Beschel or to indemnify them under the homeowner's policy insofar as the ownership, operation or use of the minicycle is concerned. The policy specifically excluded coverage for injury or damage resulting from the "ownership, maintenance, opertaion, use * * * of (1) automobiles or midget automobiles" and we agree the minicycle comes within that exclusion (see *Lalomia* v. *Bankers & Shippers Ins. Co.*, 35 A D 2d 114, affd. 31 N Y 2d 830). However, Special Term improperly relied on the *Lalomia* case to support its holding that plaintiff must, under its homeowner's policy, defend Henry Beschel, individually, against the Carola action based on common-law negligence. In *Lalomia* the insured defendant had allegedly placed a dangerous instrumentality, a motorized bicycle, in the possession and at the disposal of his 12-year-old son. The accident occurred *while* the motorized bicycle was being operated by the infant. In the instant case the minicycle was not being operated by Beschel's infant son at the time of the accident, but by an adult whom the son had permitted to use the vehicle. This adult had been operating a motor vehicle for a number of years. Clearly, the coverage imposed in *Lalomia*, based on common-law negligence in the entrusting of a dangerous instrumentality to an infant, does not apply here. Here, the injury was due to the alleged negligent operation of the minicycle — something specifically excluded from coverage under the policy issued by plaintiff. Hopkins, Acting P. J., Munder, Martuscello and Shapiro, JJ., concur; Brennan, J., dissents in part and votes to affirm, with the following memorandum: I agree with the majori' y that plaintiff was not obligated to defend the *Carola* action on behalf of t'ie two defendants Beschel or to indemnify said defendants under the homeowner's policy insofar as the ownership, operation or use of the minicycle is concerned. However, I disagree with the holding that plaintiff is not obligated to defend and indemnify with respect to the common-law cause of action predicated upon negligent entrusting of the minicycle to the 14-year-old defendant, Barry Beschel. I do not feel that *Lalomia* v. *Bankers & Shippers Ins. Co.* (35 A D 2d 114, affd. 31 N Y 2d 830) is inapposite, because here the minicycle was, at the time of the accident, not being operated by the ini t, . arry, to whom the father, Beschel, had entrusted the cycle, but by the 23-year-old defendant, Lancina, whom the infant had permitted to use the cycle. The holding in *Lalomia* was grounded "upon the theory that the said Daniel Maddock [the insured] negligently permitted a child [Maddock's son] of tender years to possess and use a dangerous instrumentality [a motorized bicycle] knowing *that it could be used* in a dangerous manner likely to cause harm to others" (p. 118; emphasis added). The very entrustment of the dangerous instrumentality to the infant is the crucial factor, not who eventually operated the cycle which caused the accident. When

the father, Beschel, gave the minibike to Barry it was reasonably foreseeable that "it could be used in a dangerous manner" by Barry. It was also foreseeable that a child of Barry's age would, as he did, want to share his pleasure operating the minicycle with another (Lancina). By placing the dangerous instrumentality in the hands of the infant without close supervision as to future use, the father initiated a chain of causation resulting in the accident, even though the actual proximate cause was the negligent operation by Lancina. In my view, the *initial* entrustment of the minicycle to the infant falls within the theory of the common-law cause of action. [71 Misc 2d 420.]