## The AETNA CASUALTY AND SURETY COMPANY *v*. AMERICAN MANUFACTURERS MUTUAL INSURANCE COMPANY et al

76-303                                    547 S.W. 2d 757

Opinion delivered March 21, 1977
(In Banc)

*Hale, Fogleman & Rogers,* for appellant.

*Wright, Lindsey & Jennings,* for appellees.

DARRELL HICKMAN, Justice. The issue in this case involves interpretation of a homeowners insurance policy.

The homeowner, James Waggener, was sued, in a separate case which is still pending, for negligently entrusting a minibike to a minor child who, while operating the bike on a neighborhood sidewalk, injured the minor child of Delores Cunningham. Cunningham sued Waggener and other parties, but the only allegation of negligence against Waggener is that he was wrong in permitting a minor child to use the minibike.

Waggener has an excess indemnity policy with the appellant, Aetna Casualty and Surety Company and a homeowners policy with American Manufacturers Mutual Insurance Company, the appellee. American Manufacturers has refused to defend Waggener in the lawsuit against him. Aetna brought this suit against American Manufacturers for a declaration that American Manufacturers is obligated to defend Waggener and to pay any judgment to the limits of their policy. The lower court held that American Manufacturers' homeowner's policy excluded this type of accident and Aetna brings this appeal.

The issue on appeal is interpretation of the American Manufacturers' policy issued Waggener and primarily concerns a clause in the insurance policy which excludes liability for certain types of accidents.

The theory of Aetna's lawsuit is that American Manufacturers' policy has a broad coverage clause of insurance. The clause reads as follows:

> This company agrees to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage, to which this insurance applies, caused by an occurrence.

An "occurrence" is defined as an accident which would result in injury to a person or property. American Manufacturers admits that the coverage clause is broad but defends this lawsuit on the basis of an exclusionary clause in the policy. According to the clause there is no coverage for an accident arising out of the ownership, maintenance, operation, use, loading or unloading of:

> Any recreational motor vehicle owned by any insured, if the bodily injury or property damage occurs away from the residence premises; . . .

We agree with the trial court's finding that American Manufacturers is not required to defend Waggener. The accident occurred off the premises and undoubtedly from the use

of the minibike. Aetna's argument that the "negligent entrustment", rather than the "use" of the minibike, is the negligent act ignores the clear language of the exclusionary clause. *LaBonte* v. *Federal Mutual Insurance Company,* 159 Conn. 252, 268 A. 2d 663 (1970), *Federal Insurance Company* v. *Forristall,* Court of Civil Appeals of Texas, 401 S.W. 2d 285 (1966).

We are not unmindful that several other states have reached the opposite conclusion. See *Lalomia* v. *Bankers & Shippers Insurance Company,* 312 N.Y.S. 2d 1018 (1970), *McDonald* v. *The Home Insurance Company,* 97 N.J. Super, 501, 235 A. 2d 480 (1967), and *Republic Vanguard Insurance Company* v. *Buehl,* 295 Minn. 327, 204 N.W. 2d 426 (1973).

This vehicle accident, off the premises, is best covered by general liability insurance or motor vehicle insurance available for a premium that considers the primary risk involved.

Affirmed.

FOGLEMAN, J., not participating.

BYRD, J., concurs.

GEORGE ROSE SMITH, J., dissents.