BARNSTABLE COUNTY MUTUAL FIRE INSURANCE COMPANY *vs.*
LUKE P. LALLY & others.

Barnstable. January 5, 1978. — March 9, 1978.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, KAPLAN, & ABRAMS, JJ.

*Insurance,* Liability insurance, Defense of proceeding against insured.
*Motor Vehicle,* Permission to operate, Entrustment.

The terms of an insurance policy which excluded coverage in the event of "bodily injury . . . arising out of the ownership . . . operation, [or] use . . . of . . . any recreational motor vehicle owned by any Insured" applied to a situation in which bodily injury was alleged to have been caused by the negligent entrustment of a dangerous instrumentality, a recreational motor vehicle, to a minor. [604-606]

CIVIL ACTION commenced in the Superior Court on March 22, 1976.

The case was heard by *Leen*, J.

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

*Charles R. Desmarais* for the plaintiff.
*Richard C. Anderson* for the defendants.

---

[3] We observe that appellate counsel who appeared before us was not the trial counsel in this case.

HENNESSEY, C.J. This is an appeal from a Superior Court judgment declaring that the plaintiff, Barnstable County Mutual Fire Insurance Company (the Company) is obligated to defend the defendants Luke P. Lally and James Lally in the action of *Mahoney* v. *Lally,* Superior Court, Barnstable County, No. 33312 (1977), and to provide insurance coverage, within the policy limits, for any damages assessed against them. A trial was conducted on a statement of agreed facts which incorporated the insurance policy and the complaint in the underlying tort action. The trial judge made findings and rulings, and ordered judgment for the defendants. The plaintiff's appeal is before us pursuant to an order transferring the case from the Appeals Court.

We conclude that the judge erred in determining that under the terms of the defendants' insurance policy the Company is obligated to furnish coverage and defense in the pending tort action against the insureds. We therefore reverse.

The judge found the following facts. Since approximately August 25, 1971, the defendants, husband, wife and son, have been insured under a Homeowner's Insurance Policy issued by the plaintiff. Pursuant to that policy, in Section II, Coverage E, the Company agreed "to pay on behalf of the Insured[s] all sums which the Insured[s] shall become legally obligated to pay as damages because of bodily injury or property damage, to which this insurance applies, caused by an occurence." The policy specified, however, that Coverage E does not apply "to bodily injury . . . arising out of the ownership, maintenance, operation, [or] use . . . of . . . any recreational motor vehicle owned by any Insured, if the bodily injury . . . occurs away from the residence premises."

On or about August 25, 1971, James F. Mahoney sustained bodily injury away from the defendants' residence while operating a recreational motor vehicle owned by the minor defendant, James Lally. As a result of that accident, James Mahoney, by his father and next friend, brought suit against the defendants to recover for bodily injury. *Mahoney* v. *Lal-*

*ly*, Superior Court, Barnstable County, No. 33312 (1977). Mahoney claims that Luke P. Lally negligently entrusted a dangerous instrumentality, the recreational motor vehicle, to his minor son, James, who in turn permitted the plaintiff to use it.

The Lallys requested the Company to assume their defenses and coverage in the *Mahoney* case. The Company refused, however, on the ground that, because the accident occurred away from the residence, the insurance policy excluded such claims. Subsequently, the Company sought a declaratory judgment determining its rights and obligations with respect to the Lallys' claims.

1. In ruling that the Company was obligated to provide insurance coverage and defense in the *Mahoney* tort suit, the judge correctly looked to the allegations against the insureds, see *Massachusetts Turnpike Auth.* v. *Perini Corp.*, 349 Mass. 448, 457 (1965); *Vappi & Co.* v. *Aetna Cas. & Sur. Co.*, 348 Mass. 427, 430 (1965); *Magoun* v. *Liberty Mut. Ins. Co.*, 346 Mass. 677, 681 (1964), and placed determinative weight on the fact that the Mahoneys' claim was based solely on a negligent entrustment theory. The judge found, however, that there was a clear distinction between an action for damages arising out of negligent entrustment of a dangerous instrumentality to a minor, and an action for damages arising out of the ownership, maintenance, operation, or use of a recreational motor vehicle. The judge thus concluded that since the Mahoney cause of action did not "[arise] out of the ownership, maintenance, operation, [or] use" of a recreational motor vehicle, the insurance policy's exclusionary clause did not apply.

While we are aware that the ruling below is consistent with the law of several jurisdictions,[1] we disagree with its

---

[1] See, e.g., *Upland Mut. Ins. Inc.* v. *Noel*, 214 Kan. 145, 149 (1974); *Republic Vanguard Ins. Co.* v. *Buehl*, 295 Minn. 327, 333 (1973); *McDonald* v. *Home Ins. Co.*, 97 N.J. Super. 501, 503 (1967); *Lalomia* v. *Bankers & Shippers Ins. Co.*, 35 App. Div. 2d 114 (1970), aff'd 31 N.Y.2d 830 (1972). But see *Cooter* v. *State Farm Fire & Cas. Co.*, 344 So. 2d 496, 499 (Ala. 1977); *Aetna Cas. & Sur. Co.* v. *American Mfrs. Mut. Ins. Co.*, 261 Ark. 326, 327-328 (1977).

reasoning. First, we note that because the terms of the exclusionary clause are plain and free from ambiguity, see *Associated Independent Dealers, Inc.* v. *Mutual Serv. Ins. Co.*, 304 Minn. 179, 183 (1975), we do not, as the defendant suggests, construe them strictly against the insurer. Rather, we must construe the words of the policy in their usual and ordinary sense. *Save-Mor Supermarkets, Inc.* v. *Skelly Detective Serv.*, 359 Mass. 221, 226 (1971). *Massachusetts Turnpike Auth.* v. *Perini Corp.*, 349 Mass. 448, 452 (1965). *MacArthur* v. *Massachusetts Hosp. Serv.*, 343 Mass. 670, 672 (1962). *Sherman* v. *Employers' Liab. Assurance Corp.*, 343 Mass. 354, 356 (1961). In so doing, we conclude that the terms of the policy excluding coverage in the event of "bodily injury . . . arising out of the ownership . . . operation, [or] use . . . of . . . any recreational motor vehicle owned by any Insured" necessarily apply to a situation in which bodily injury is alleged to have been caused by the negligent entrustment of a dangerous instrumentality to a minor. Accord, *Cooter* v. *State Farm Fire & Cas. Co.*, 344 So. 2d 496 (Ala. 1977); *Aetna Cas. & Sur. Co.* v. *American Mfrs. Mut. Ins. Co.*, 261 Ark. 326 (1977).

Our conclusion is supported by the very definition of negligent entrustment as a distinct cause of action. In *Leone* v. *Doran*, 363 Mass. 1, partially vacated on other grounds, 363 Mass. 886 (1973), we stated that, under the common law, negligent entrustment "may be inferred (1) by reason of [the defendant's] violation of G. L. c. 90, § 12,[2] or (2) aside from any violation of the statute, by reason of his knowingly allowing an incompetent operator to drive the defendant's vehicle. In either case, it is necessary for the plaintiff to show, among other things, that the defendant *owned or controlled* the motor vehicle concerned, and that

---

[2] General Laws, c. 90, § 12, provides in pertinent part: "No person shall allow a motor vehicle owned by him or under his control to be operated by any person who has no legal right so to do, or in violation of this chapter." This section is a criminal statute, and, in itself, creates no civil cause of action. *Leone* v. *Doran, supra* at 8.

the defendant *gave* the driver *permission to operate* the vehicle" (emphasis added). *Id.* at 6-7. It is evident from this statement that "negligent entrustment" as a distinct and specific cause of action is not exclusive of, but, rather, is derived from the more general concepts of ownership, operation, and use of a motor vehicle. Therefore, it would be illogical to conclude that the exclusionary clause pertaining generally to the "ownership . . . operation, [or] use . . . of" a recreational motor vehicle does not apply specifically to the negligent entrustment of the vehicle to a minor.

2. The judgment of the Superior Court is reversed and the case is remanded to the Superior Court where a new judgment is to be entered declaring that the plaintiff company has no obligation to cover or defend the insureds in the action of *Mahoney* v. *Lally,* Superior Court, Barnstable County, No. 33312 (1977).

*So ordered.*