GREAT CENTRAL INSURANCE COMPANY, an Illinois Corporation, Plaintiff and Appellee,

v.

Marvin ROEMMICH; Arlene Roemmich; Todd Weber; Thomas Weber, Individually and as Guardian Ad Litem of Todd Weber, a Minor; and Mrs. Thomas Weber, Defendants and Appellants.

No. 12761.

Supreme Court of South Dakota.

Argued Jan. 28, 1980.

Decided April 30, 1980.

Ann C. Jones of Banks and Johnson, Rapid City, for plaintiff and appellee; Glen H. Johnson of Banks and Johnson, Rapid City, on brief.

Joseph M. Butler of Bangs, McCullen, Butler, Foye & Simmons, Rapid City, for defendants and appellants; Thomas R. Lehnert, Jr. of Bangs, McCullen, Butler, Foye & Simmons, Rapid City, on brief.

MARTIN, Circuit Judge.

Defendants Weber appeal from the judgment of the Circuit Court of the Seventh Judicial Circuit granting a declaratory judgment in favor of plaintiff. The petition for declaratory judgment was to determine coverage under a homeowner's liability insurance policy issued by plaintiff to defendants Marvin and Arlene Roemmich, which policy also covered their minor son, Ronald Roemmich. The trial court ruled that no coverage existed under the homeowner's policy. We affirm.

On November 4, 1977, Todd Weber, the minor son of Thomas Weber, was a guest passenger in an automobile owned and driven by Ronald Roemmich, the sixteen-year-old son of defendants Marvin and Arlene Roemmich. A one-car accident occurred wherein Todd Weber sustained serious injury. Thomas Weber, as guardian ad litem of Todd Weber, commenced an action against Marvin Roemmich, Arlene Roemmich and Ronald Roemmich. At the time of the accident, defendants Roemmich were covered by a homeowner's insurance policy issued by Great Central Insurance Company, plaintiff herein.

The amended complaint of Thomas Weber in the action against the Roemmichs provided in part as follows:

III

At all times material to this Complaint, the defendants, Marvin Roemmich and Arlene Roemmich, knew or reasonably should have known of the propensity of their son (defendant, Ronald Roemmich) to operate a motor vehicle in a negligent, reckless and careless manner.

IV

Notwithstanding the knowledge as alleged in the preceding paragraph, on or about November 4, 1977, the defendants, Marvin Roemmich and Arlene Roemmich, negligently allowed and acquiesced in the use by their son (defendant Ronald Roemmich) of a motor vehicle who on said date on a public highway in Pennington County, South Dakota, operated said vehicle in a negligent and careless manner proximately causing an accident and resulting injuries to the minor plaintiff, Todd Weber.

Defendants Weber argue that the above allegations, if proven, would bring the accident in question within the coverage afforded to defendants Marvin and Arlene Roemmich by plaintiff Great Central Insurance Company.

Section II of the policy provided in pertinent part as follows:

COVERAGE E—PERSONAL LIABILITY

This Company agrees to pay on behalf of the Insured all sums which the Insured

shall become legally obligated to pay as damages because of bodily injury or property damage, to which this insurance applies, caused by an occurrence: This Company shall have the right and duty, at its own expense, to defend any suit against the Insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, but may make such investigation and settlement of any claim or suit as it deems expedient. This Company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of this Company's liability has been exhausted by payment of judgments or settlements.

DEFINITIONS under Section II provide in pertinent part as follows:

When used in this policy the following definitions apply:

a. "Insured" means

(1) the Named Insured stated in the Declarations of this policy;

(2) if residence of the Named Insured's household, his spouse, the relatives of either, and any other person under the age of twenty-one in the care of any Insured. . . .

The EXCLUSIONS under Section II provide in pertinent part as follows:

This policy does not apply:

1. Under Coverage E—Personal Liability and Coverage F—Medical Payments to Others:

(a) to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of:

(1) any aircraft; or

(2) any motor vehicle owned or operated by, or rented or loaned to any Insured. . . .

The SEVERABILITY clause under Section II provides in pertinent part as follows:

SEVERABILITY OF INSURANCE: The insurance afforded under Section II applies separately to each Insured against whom claim is made or suit is brought

except with respect to this Company's limit of liability.

Defendants Weber argue that the use of the term "any insured" in the exclusionary clause, when interpreted with the severability of insurance provision in the policy, creates an ambiguity. Defendants Weber argue that in the light of the severability clause, the exclusion clause operates only as to that insured seeking coverage under the policy. They concede that Ronald Roemmich is clearly excluded from coverage under the policy, but argue that the exclusion does not apply to Arlene and Marvin Roemmich, since the injury is not alleged to have arisen out of the use of any vehicle owned or operated by them. This argument is puzzling, since by the very nature of their request defendants Weber are seeking a decision which would extend coverage to Arlene and Marvin Roemmich under the terms of the homeowners policy. Indeed, Paragraph V of defendants Weber's answer and counterclaim provides, to-wit: "That the Second Cause of Action contained in the Amended Complaint in the action referred to in Paragraph V of the Plaintiff's Complaint was covered under the terms of the insurance policy issued by the Plaintiff."

In any event, the Court finds no ambiguity present. An examination of the policy reveals that the provisions of Section II relating to insuring agreements and exclusions are both brief and located in close proximity to each other. The captions are simple and informative. Further, the definition of "insured" is readily understandable and the severability clause does not create any ambiguity. The use of the words "any insured" makes it clear that the policy does not cover liability arising from motor vehicle use by any insured. The policy language is clear and unambiguous.

■ This Court has held that a contract of insurance is to be construed liberally in favor of the insured and strictly against the insurer only when the language of the contract is ambiguous and susceptible of more than one interpretation. Thus, the insurance contract's language must be construed according to its plain and ordinary

meaning. *Grandpre v. Northwestern Nat. Life Ins. Co.,* 261 N.W.2d 804 (S.D.1977); and *Strong v. State Farm Mutual Insurance Company,* 76 S.D. 367, 78 N.W.2d 828 (1956). The plain and ordinary meaning of the insurance contract in issue here presents no ambiguity.

Defendants Weber next argue that Count II of their amended complaint in the Weber v. Roemmich action asserts a cause of action against Marvin and Arlene Roemmich based upon their negligent failure to control the conduct of their minor child. They argue that the negligent supervision was an independent act of negligence and the efficient and predominating cause of the injury to Todd Weber. Their complaint seems to allege negligent entrustment, but they argue negligent supervision. In this case, however, the Court finds little difference, if any, between the two theories. Further, defendants Weber concede that the rationale of the cases deciding negligent entrustment are the same as their proposed theory of negligent supervision.

Defendants Weber submit that these allegations are based on primary negligence separate and distinct from the use of the motor vehicle and are not encompassed within Exclusion 1. (a)(2).

This is a case of first impression in this State. Cases decided in other jurisdictions reveal two separate positions. The first position holds that negligent entrustment (failure to supervise) is a distinct and specific cause of action. Liability is predicated on the act of negligent entrustment rather than the "use" of the motor vehicle, even though the immediate cause of the injury is the operation of the motor vehicle. Acceptance of this position renders the exclusionary provision of the insurance policy inapplicable. The jurisdictions which support this position include the following: Kansas: *Upland Mutual Insurance, Inc. v. Noel,* 214 Kan. 145, 519 P.2d 737 (1974); Minnesota: *Republic Vanguard Insurance Co. v. Buehl,* 295 Minn. 327, 204 N.W.2d 426 (1973), (although this decision is subject to question in the light of *Faber v. Roelofs,* 311 Minn. 428, 250 N.W.2d 817 (1977)); New Jersey: *Mc-Donald v. Home Ins. Co.,* 97 N.J.Super. 501, 235 A.2d 480 (1967); and New York: *Travelers Insurance Company v. Beschel,* 71 Misc.2d 420, 336 N.Y.S.2d 370 (1972), modified, 43 A.D.2d 734, 350 N.Y.S.2d 682 (1973); *Lalomia v. Bankers & Shippers Insurance Company,* 35 A.D.2d 114, 312 N.Y.S.2d 1018 (1970), affirmed, 31 N.Y.2d 830, 339 N.Y. S.2d 680, 291 N.E.2d 724 (1972). The second position holds that negligent entrustment as a distinct and specific cause of action is not exclusive of, but rather is derived from the more general concepts of ownership, operation and use of a motor vehicle. The decisions supporting this position reason that because the accident occurred off the premises and undoubtedly resulted from the use of the motor vehicle (instrumentality), the argument that the negligent entrustment rather than the "use" of the motor vehicle is the negligent act ignores the clear language of the exclusionary clause. The decisions accepting this rationale are more recent in nature and include the following jurisdictions: Alabama: *Cooter v. State Farm Fire & Cas. Co.,* Ala., 344 So.2d 496 (1977); Arkansas: *Aetna Cas. & Sur. Co. v. Am. Mfrs. Mut. Ins. Co.,* 261 Ark. 326, 547 S.W.2d 757 (1977); Massachusetts: *Barnstable County Mut. Fire Ins. Co. v. Lally,* 373 N.E.2d 966 (Mass.1978); and New Hampshire: *Hanover Ins. Co. v. Grondin,* 402 A.2d 174 (N.H.1979).

■ We endorse the rationale of the cases cited in support of the second position and hold that the trial court correctly ruled that the homeowners policy did not afford coverage to the Roemmichs for any liability arising out of their son's use of the motor vehicle.

The other issues raised in the trial court need not be considered in view of our ruling on the insurance coverage question.

The judgment is affirmed.

All the Justices concur.

MARTIN, Circuit Judge, sitting for HENDERSON, J., disqualified.