384 So.2d 220 (1980)
Dr. Freddy GARGANO and Evelyn Gargano, Appellants,
v.
LIBERTY MUTUAL INSURANCE COMPANY et al., Appellees.
No. 79-1013.
District Court of Appeal of Florida, Third District.
May 27, 1980.
Fowler, White, Burnett, Hurley, Banick & Strickroot and Henry Burnett, Wicker, Smith, Blomqvist, Davant, Tutan, O'Hara & McCoy and Richard A. Sherman, Miami, for appellants.
Magill & Reid and Kevin O'Connor, Miami, for appellees.
Before BARKDULL and HUBBART, JJ., and EZELL, BOYCE F., Jr., (Ret.), Associate Judge.
PER CURIAM.
The final summary judgment under review is affirmed upon a holding that there can be no insurance coverage on the subject homeowners liability policy [issued by the appellee Liberty Mutual Insurance Company] for bodily injury and property damage caused by the negligent operation of a motor vehicle as against a lawsuit brought *221 against the insured appellants [Dr. Freddy Gargano and Evelyn Gargano] for the negligent entrustment of a motor vehicle to their minor son because an exclusion in the subject policy is, in our view, directly applicable to defeat coverage, to wit: "[t]his policy does not apply: ... a. [t]o bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of: ... (2) any motor vehicle owned or operated by, or rented or loaned to any insured." The cause of action of negligent entrustment of a motor vehicle to a minor child resulting in damages caused by the minor's negligent operation of the motor vehicle necessarily arises from the ownership, operation, or use of said motor vehicle, Spector v. Neer, 262 So.2d 689 (Fla. 3d DCA 1972), and, accordingly, falls squarely within the above exclusion in the subject policy. Hanover Insurance Co. v. Grondin, 119 N.H. ___, 402 A.2d 174 (1979); Lumbermens Mutual Casualty Co. v. Kosies, 124 Ariz. 136, 602 P.2d 517 (Ct.App. 1979); Barnstable County Mutual Fire Insurance Co. v. Lally, 374 Mass. 602, 373 N.E.2d 966 (1978); Cooter v. State Farm Fire and Casualty Co., 344 So.2d 496 (Ala. 1977). The trial court was eminently correct in concluding that there could be no insurance coverage under this policy based on these circumstances.
Affirmed.