John E. BANKERT, a minor, by his Guardian ad Litem, Robert L. Habush, Plaintiff-Appellant and Cross-Respondent,

Rosa BANKERT and Ervin Bankert, Plaintiffs,

v.

THRESHERMEN'S MUTUAL INS. Co., and Watertown Mutual Insurance Company, Defendants-Respondents and Cross-Appellants,

THE OHIO CASUALTY INS. Co., Richard D. Mueller, Arnold J. Mueller, Margie Mueller, State Farm Mutual Automobile Insurance Co., Steven J. Johnston, Michael Johnston, Karen Johnston and Mutual Life Insurance Co. of New York, Defendants.†

Court of Appeals

*No. 80–2058. Submitted on briefs August 31, 1981.— Decided November 17, 1981.*
(Also reported in 313 N.W.2d 854.)

† Petition to review granted. DAY, J., took no part.

For the appellant the cause was submitted on the briefs of *Howard A. Davis, Patrick O. Dunphy* and *Habush, Habush & Davis, S.C.,* of Milwaukee.

For the respondents the cause was submitted on the brief of *John A. Kluwin, Thomas R. Schrimpf* and *Kluwin, Hankin & McNulty* of Milwaukee.

Before Foley, P.J., Dean and Cane, JJ.

CANE, J.    John Bankert, age fifteen, was a passenger on a motorcycle driven by Richard Mueller, also age fifteen. The motorcycle was owned by Mueller's parents. It was not licensed for road use and had no functioning headlight.  While traveling down a Watertown street after dark, the boys collided with an illegally parked car

and both were injured. John Bankert brought this action for damages against Richard Mueller for negligent operation of the motorcycle and against Mueller's parents for negligently entrusting the vehicle to their son and negligently supervising him in its use. Watertown Mutual Insurance Company and Threshermen's Mutual Insurance Company denied coverage under the farmowner's liability policy of the defendants, Arnold and Margie Mueller, because of an automobile exclusion in the policy. On cross-motions for summary judgment, the trial court entered an order finding no coverage for the negligence of Richard Mueller or for negligent entrustment by his parents, but coverage for negligent supervision. Bankert was granted leave to appeal from that portion of the order excluding negligent entrustment. Threshermen's appeals from that portion of the order finding coverage for negligent supervision.

While parents are not ordinarily liable for the torts of their minor children, they may be liable for their own negligence in entrusting an object, such as a weapon or vehicle, to a child who is incapable of using it safely. *Kempf v. Boehrig,* 95 Wis. 2d 435, 441, 290 N.W.2d 562, 565 (Ct. App. 1980);[1] *see Hopkins v. Droppers,* 184 Wis. 400, 403, 198 N.W. 738, 739 (1924), *aff'd after remand,* 191 Wis. 334, 210 N.W. 684 (1926). They may also be liable for their own negligence in the supervision

---

[1] Restatement (Second) of Torts § 308 (1965) provides:

It is negligence to permit a third person to use a thing or to engage in an activity which is under the control of the actor, if the actor knows or should know that such person intends or is likely to use the thing or to conduct himself in the activity in such a manner as to create an unreasonable risk of harm to others. *Kempf v. Boehrig,* 95 Wis. 2d 435, 290 N.W.2d 562 (1980); *Hopkins v. Droppers,* 184 Wis. 400, 198 N.W. 738, (1924).

of the child. *Seibert v. Morris,* 252 Wis. 460, 463, 32 N.W.2d 239, 240 (1948).[2]

We do not reach the merits of either cause of action at this stage of the litigation. The question before us is whether negligent entrustment of the motorcycle and negligent supervision of its use are excluded from coverage by Mueller's homeowner's insurance policy. This involves the construction of an insurance contract, a question of law. We review questions of law independently without deference to the conclusions in the trial court's order. *Patrick v. Head of the Lakes Cooperative Electric Association,* 98 Wis. 2d 66, 68, 295 N.W.2d 205, 207 (Ct. App. 1980).

The Muellers are insured by a broad form farmowner's policy from Watertown. Threshermen's is the reinsurer of liability under the policy. Section II is entitled "Comprehensive Farm and Personal Liability Insuring Agreements." Under "Exclusions" it specifically stated:

This policy does not apply:

. . . .
(b) under any of the coverages, to the ownership, operation, maintenance or use, including loading and unloading of
    (1) automobiles while away from the premises or the ways immediately adjoining.

The parties do not dispute that the motorcycle is an "automobile" within the policy definition and that li-

---

[2] Restatement (Second) of Torts § 316 (1965) provides:

A parent is under a duty to exercise reasonable care so as to control his minor child as to prevent it from intentionally harming others or from so conducting itself as to create an unreasonable risk of bodily harm to them, if the parent (a) knows or has reason to know that he has the ability to control his child, and (b) knows or should know of the necessity and opportunity for exercising such control. *Seibert v. Morris,* 252 Wis. 460, 463, 32 N.W.2d 239, 240 (1948).

ability for Richard Mueller's negligent operation and use of the motorcycle is excluded from coverage.

## NEGLIGENT ENTRUSTMENT

Bankert argues that the exclusionary language of the policy does not specifically disallow coverage for negligent entrustment or negligent supervision. While this exclusion has not been previously interpreted by a Wisconsin court, the greater number of such cases in other jurisdictions find coverage for negligent entrustment not excluded by such language.[3] Nevertheless, we are persuaded by the reasoning of cases interpreting similar exclusionary language, which find coverage for negligent entrustment excluded.[4]

We hold that entrusting the vehicle to Richard was an exercise of the powers of "ownership" and "use" of the vehicle. When Richard operated the vehicle away from

---

[3] *Upland Mut. Ins., Inc.*, 214 Kan. 145, 149–150, 519 P.2d 737, 741 (1974); *Republic Vanguard Ins. Co. v. Buehl*, 295 Minn. 327, 329–331, 204 N.W.2d 426, 428 (1973); *McManus v. Fidelity & Guar. Ins. Under., Inc.*, 615 S.W.2d 877 (Tex. Civ. App. 1981). *Contra, Atkins v. Bellefonte Ins. Co.*, 342 So. 2d 837, 838 (Fla. Dist. Ct. App. 1977); *Hanover Ins. Co. v. Grondin*, 119 N.H. 394, 402 A.2d 174, 177 (1979).

[4] *Cooter v. State Farm Fire & Cas. Co.*, 344 So. 2d 496 (Ala. 1977); *Lumbermens Mut. Cas. Co. v. Kosies*, 124 Ariz. 136, 602 P.2d 517 (1979); *Aetna Cas. & Surety Co. v. American Mfrs. Mut. Ins. Co.*, 261 Ark. 326, 547 S.W.2d 757 (1977); *Insurance Co. of North America v. Waterhouse*, 424 A.2d 675 (Del. Super. 1980); *Gargano v. Liberty Mut. Ins. Co.*, 384 So. 2d 220 (Fla. Dist. Ct. App. 1980); *State Farm Fire & Cas. Co: v. McGlawn*, 84 Ill. App. 3d 107, 404 N.E.2d 1122 (1980); *Barnstable County Mut. Fire Ins. Co. v. Lally*, 374 Mass. 602, 373 N.E.2d 966 (1978); *Great Central Ins. Co. v. Roemmich*, 291 N.W.2d 772 (S.D. 1980). *Contra, Douglass v. Hartford Ins. Co.*, 602 F.2d 934, 936 (10th Cir. 1979). These cases involve policies that exclude coverage for injuries "arising out of" the ownership, operation, maintenance, or use of automobiles away from the premises.

the premises, coverage ceased under the express terms of the policy because the entrusted vehicle was then in use away from the premises.

The Alabama court in *Cooter v. State Farm Fire and Casualty Co.*, 344 So. 2d 496 (Ala. 1977), reasoned that, since recovery for negligent entrustment was impossible without proof of the concurrent negligence of the driver, any exclusion that excepts negligent use also excludes negligent entrustment. The dissenting justices emphasized that negligent entrustment is founded upon negligence of the entruster, which is not directly related to ownership, operation, maintenance, or use of the automobile.

While there is arguable merit in the logic that separates the two negligent acts by actor, the fact remains that entrustment of a vehicle is but a form of "use." The policy cannot be read to cover this "use" of the motorcycle merely because the insurer did not list specifically the countless uses of a motorcycle. The Massachusetts court in *Barnstable County Mutual Fire Insurance Company v. Lally*, 374 Mass. 602, 605–606, 373 N.E. 2d 966, 969 (1978), recognized this in its explanation of negligent entrustment.

" '[N]egligent entrustment' as a distinct and specific cause of action is not exclusive of, but, rather, is derived from the more general concepts of ownership, operation,

Counsel for Bankert makes much of the distinction between "arising out of" exclusions and the exclusion in Threshermen's farmowner's policy. The Wisconsin Supreme Court has inferred that the "arising out of" meaning may be given to the language in this exclusion. *Lawver v. Boling*, 71 Wis. 2d 408, 417, n. 10, 238 N.W.2d 514, 519 n. 10 (1976). We apply the reasoning of the "arising out of" cases to the present exclusion as did the New Hampshire Supreme Court in *Hanover Ins. Co. v. Grondin*, 119 N.H. 394, 399–400, 402 A.2d 174, 178 (1979), and conclude that the language in this policy excludes coverage for negligent entrustment.

and use of a motor vehicle. Therefore, it would be illogical to conclude that the exclusionary clause pertaining generally to 'the ownership . . . operation, [or] use . . . of' a . . . vehicle does not apply specifically to the negligent entrustment of the vehicle to a minor."

Appellant urges that a construction against the insurer is required because the provision is ambiguous. We do not find the exclusion ambiguous. It clearly excludes coverage for automobile mishaps away from the insured premises, coverage that is ordinarily provided by an automobile liability policy.[5] Bankert argues that the provision is not "plain and free from ambiguity, since a number of courts have been presented with the identical issue and are divided as to the proper interpretation," citing *Douglass,* 602 F.2d at 938. We have reviewed all of the cases to which *Douglass* refers and found that the cases holding the exclusion inapplicable to negligent entrustment do so (1) because they find negligent entrustment not directly related to "ownership," "operation," "maintenance," or "use," or (2) because their state law requires strict construction of exclusions against insurers. We have found entrustment to be directly related to "ownership" and "use."

We construe all provisions, conditions, or exceptions that tend to limit liability most strongly against the insurer. *Wisconsin Builders, Inc. v. General Insurance Company,* 65 Wis. 2d 91, 103, 221 N.W.2d 832, 838 (1974). Strict construction against the insurer does not, however, mean strained construction. 3 Appleman, Insurance Law & Practice § 7403 (Supp. 1981). We will not, under the guise of strict construction against the

---

[5] We recognize that motorcycle coverage is not part of a standard automobile liability policy. It is, however, obtained by a rider to the automobile policy and not by a policy of homeowner's insurance.

insurer, rewrite a policy to bind the insurer to a risk that it did not contemplate and for which it has not been paid. *Id.; McPhee v. American Motorists Insurance Co.,* 57 Wis. 2d 669, 676, 205 N.W.2d 152, 157 (1973). "[T]he test is not what the insurer intended its words to mean but what a reasonable person in the position of an insured would have understood the words to mean." *Id.* The insured contracted for homeowner's insurance. It cannot be argued that they thought they were purchasing automobile liability coverage. We hold that, strictly construed or not, this exclusionary language removes negligent entrustment of an automobile operated away from the premises from the coverage of the policy.

## NEGLIGENT SUPERVISION

Applying this analysis to the second issue, we conclude that liability for supervision of Richard's use of the motorcycle is also excluded. Other states have reached differing results on this question depending upon whether the parent was the owner of the vehicle for which he was supervising use.[6] A New York court found coverage for negligent supervision because it is not directly related to "ownership," "operation," "maintenance," and "use."[7]

We conclude, however, that negligent supervision is directly related to "ownership," "operation," "maintenance," and "use." The motorcycle was owned and maintained by the parents, who permitted Richard to use it. The accident was alleged to have been proximately caused

---

[6] *Compare Torbert v. Anderson,* 301 Minn. 339, 222 N.W.2d 341 (1974) (parent owns boat, coverage excluded) and *McDonald v. Home Ins. Co.,* 97 N.J. Super. 501, 235 A.2d 480 (1967) (child owns car, coverage not excluded).

[7] *Lalomia v. Bankers & Shippers Ins. Co.,* 35 A.D.2d 114, 312 N.Y.S. 1018 (App. Div. 1970).

not only by Richard's negligent operation of the motorcycle, but by his parents' negligent supervision of use and negligent failure to keep it equipped with a functioning headlight. Improper supervision of use and maintenance are, for purposes of the policy coverage, equivalent to use and maintenance and are excluded from coverage.

This construction is also consistent with the sound public policy embodied in separate policies of homeowner's and automobile insurance. Each policy insures a different risk for a premium appropriate to that risk. *See* 7a Appleman, Insurance Law & Practice § 4500.04 (1979). Overlapping coverage results in added costs to the insured without a proportionate benefit in improved coverage. The trial court order is modified to exclude coverage for negligent entrustment, as well as negligent supervision and negligent operation and, as modified, affirmed.

*By the Court.*—Order modified and, as modified, affirmed.