**UNITED FIRE & CASUALTY COMPANY, CEDAR RAPIDS, IOWA, Plaintiff-Appellant,**

v.

**Jan O. DAY, Defendant-Appellee.**

**No. 81CA0682.**

Colorado Court of Appeals,
Div. III.

Aug. 26, 1982.

Rehearing Denied Sept. 30, 1982.

Certiorari Denied Jan. 24, 1983.

Fischer, Brown, Huddleson & Gunn, Steven B. Ray, Fort Collins, for plaintiff-appellant.

Fischer & Wilmarth, Stephen E. Howard, Fort Collins, for defendant-appellee.

KIRSHBAUM, Judge.

Plaintiff, United Fire & Casualty Company, Cedar Rapids, Iowa, (United) appeals the trial court's declaratory judgment that a homeowner's liability insurance policy issued by United provides coverage to defendant, Jan O. Day, with respect to her defense of two civil actions which allege that her negligence caused bodily injuries to others. We affirm.

■ The parties stipulated at trial to the pertinent facts, as follows. On April 11, 1977, a car owned by, operated by, and registered to defendant's son, Steven, was involved in an automobile accident. At the time of the accident, Steven was an insured under the United Homeowner's policy. Two persons injured in the accident filed civil actions against Steven and defendant. The claims for relief against defendant expressly allege that the injuries sustained resulted from the fact that defendant had negligently entrusted the motor vehicle to Steven.[1]

Pursuant to her homeowner's policy, defendant filed a claim with United demanding United's assistance in defending these two civil suits. United denied coverage and filed this declaratory judgment action.

Coverage E of defendant's homeowner's policy provides that United will pay "all sums which ... defendant ... shall become legally obligated to pay as damages because of bodily injury or property damage, to which this insurance applies ...." Coverage F of the policy requires United to pay reasonable medical expenses "to or for each person who sustains bodily injury to which this insurance applies caused by an

accident ...." The policy also contains the following provision:

"This policy does not apply:

a. to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of:

....

(2) any motor vehicle owned or operated by, or rented or loaned to any Insured ...."

United contends that as a matter of law the bodily injuries alleged in the underlying lawsuits "arose out of" the operation of an insured's motor vehicle, and that, therefore, the homeowner's policy does not provide coverage to defendant. We disagree.

Colorado courts have not considered the specific question of whether actions alleging "negligent entrustment" of a motor vehicle to another are actions which "arise out of" the operation of motor vehicles as that phrase is used in exclusionary clauses of homeowner's insurance policies. The decisions of *Mason v. Celina Mutual Insurance Co.*, 161 Colo. 442, 423 P.2d 24 (1967), and *Azar v. Employers Casualty Co.*, 178 Colo. 58, 495 P.2d 554 (1972), aff'g, 28 Colo.App. 566, 479 P.2d 979 (1970), upon which United places great reliance, are inapposite. Those cases involved interpretations of exclusionary clauses of automobile liability insurance policies in the context of injuries resulting from the discharge of firearms. Neither considered the question of whether a general homeowner's policy provides coverage for an insured allegedly responsible for injuries to others on a "negligent entrustment" theory of liability.

In *Mason, supra,* the automobile insurance policy provision in question covered damages "caused by accident and arising out of the ... use of the automobile."

[1] The phrase "negligent entrustment" appears throughout the parties' stipulation of facts. The term is used by courts and commentators to describe a theory of vicarious liability which recognizes that an actor may be negligent in permitting a third person to use an instrument under the actor's control with actual or implied knowledge that such third person is likely to use the instrument in such manner as to cause an unreasonable risk of harm to others. *See Dickens v. Barnham,* 69 Colo. 349, 194 P. 356 (1920); *Douglass v. Hartford Insurance Co.,* 602 F.2d 934 (10th Cir.1979); *see generally Restatement (Second) of Torts* § 308; *W. Prosser, Torts* § 73 (4th ed. 1971). The sufficiency of the allegations of negligent entrustment contained in the underlying lawsuits is not challenged here.

Concluding that no causal connection existed between a parked vehicle and the accidental discharge of a gun which resulted in the death of one of several boys playing in the car, the court held that the injuries did not arise out of a covered use of the vehicle. Similar "but-for" proximate cause tests were adopted in the two *Azar, supra,* decisions. A proximate cause test is not helpful in the circumstances of this case, however. Defendant's alleged negligence could be determined to have been a proximate cause of the claimed injuries in one or both of the lawsuits filed against her. In this appeal United urges adoption of a legal standard that under no circumstances do homeowner's policies containing this exclusionary provision provide coverage for claims alleging negligent entrustment of motor vehicles.

Jurisdictions which have considered the question here presented have reached contrary conclusions concerning the interpretation of similar homeowner's insurance policies. *Compare Barnstable County Mutual Fire Insurance Co. v. Lally,* 374 Mass. 602, 373 N.E.2d 966 (1978) *with Upland Mutual Insurance, Inc. v. Noel,* 214 Kan. 145, 519 P.2d 737 (1974). *See Great Central Insurance Co. v. Roemmich,* 291 N.W.2d 772 (S.D. 1980). These courts, often divided, enunciate numerous legal principles in support of their ultimate results. The issue as framed here, however, is fundamentally a question of interpretation of an insurance contract. The initial inquiry is whether the language of the insurance contract is ambiguous.

In recent years several courts have indicated they find no ambiguity in the phrase "arising out of," and, accordingly, have concluded that such broad language excludes coverage under homeowner's insurance policies in negligent entrustment cases involving authorized use of automobiles. *See Michigan Mutual Insurance Co. v. Sunstrum,* 315 N.W.2d 154 (Mich.App.1982); *Cooter v. State Farm Fire & Casualty Co.,* 344 So.2d 496 (Ala.1977), *Aetna Casualty & Surety Co. v. American Manufacturers Mutual Insurance Co.,* 261 Ark. 326, 547 S.W.2d 757 (1977); *Barnstable County Mutual Fire Insurance Co. v. Lally,* 374 Mass. 602, 373 N.E.2d 966 (1978); *Great Central Insurance Co. v. Roemmich,* 291 N.W.2d 772 (S.D. 1980); *Gargano v. Liberty Mutual Insurance Co.,* 384 So.2d 220 (Fla.App.1980); *Insurance Company of North America v. Waterhouse,* 424 A.2d 675 (Del.Super.1980). *See also Bankert v. Threshermen's Mutual Insurance Co.,* 105 Wis.2d 438, 313 N.W.2d 854 (App.1981). Other courts considering the same or quite similar exclusionary terms of homeowner's policies have concluded that the broad language is ambiguous and, on the basis of common law principles of insurance contract interpretation, have held that claims based upon negligent entrustment theories are not excluded from coverage when use of an automobile is a factual circumstance of such claims. *Upland Mutual Insurance, Inc. v. Noel,* 214 Kan. 145, 519 P.2d 737 (1974). *See also Republic Vanguard Insurance Co. v. Buehl,* 295 Minn. 327, 204 N.W.2d 426 (1973); *Douglass v. Hartford Insurance Co.,* 602 F.2d 934 (10th Cir.1979) (purportedly applying Colorado law); *Lalomia v. Bankers & Shippers Insurance Co.,* 35 App.Div.2d 114, 312 N.Y.S.2d 1018 (1970), *aff'd* 31 N.Y.2d 830, 339 N.Y.S.2d 680, 291 N.E.2d 724 (1972).

We find the phrase "arising out of" to be ambiguous in the context of this policy. The policy purports to provide expansive coverage to insureds for any claims alleging bodily injury. The injuries complained of here may be viewed semantically as "arising out of" the use of an automobile. But most assuredly, according to the plaintiffs in the two civil actions pending against this defendant, the injuries also arose out of the defendant's own personal conduct. *See Douglass v. Hartford Insurance Co., supra.* The clause in question does not by precise language exclude claims allegedly based upon defendant's personal conduct, and her personal conduct here does not involve her use of an automobile. Thus, we conclude that the phrase is ambiguous, as did the trial court, and therefore consider familiar principles of construction to ascertain the meaning of that phrase in this policy.

The applicable interpretive framework in Colorado is well established. Insurance policies that purport to grant broad coverage must be interpreted to fur-

ther the principle of coverage, and any exclusions which may be drafted must be clear and specific to permit enforcement thereof against the interest of the insured. *Koncilja v. Trinity Universal Insurance Co.,* 35 Colo.App. 27, 528 P.2d 939 (1974). Any ambiguities in provisions of exclusionary clauses of insurance contracts must be construed in favor of the insured. *Coxen v. Western Empire Life Insurance Co.,* 168 Colo. 444, 452 P.2d 16 (1969).

In this case the claims against defendant are allegedly claims "arising out of" the conduct of defendant in negligently permitting her son to undertake harmful activities. United's contention that defendant's conduct did not cause any injuries may well be dispositive in one or both of the pending lawsuits, whether on theories of proximate cause, foreseeability, or independent intervening cause. However, the exclusionary provision of United's policy does not incorporate such causation tests, and findings of fact in those two actions will no doubt determine ultimately the validity of those claims and whether they arose out of the use of a motor vehicle.

In view of the broad coverage intended by the homeowner's policy, the ambiguity of the exclusionary clause in question, and the nature of the damage claims asserted against defendant in the two underlying lawsuits, we conclude that the clause does not exclude the claims filed against defendant from this policy's coverage.

The judgment is affirmed.

TURSI, J., concurs.

STERNBERG, J., dissents.

STERNBERG, Judge, dissenting.

I respectfully dissent.

This homeowners liability insurance policy says it does not cover injuries or damage "arising out of the ownership, maintenance, operation [or] use ... of any motor vehicle owned or operated by ... any insured." I view this language as being an unambiguous statement excluding coverage in this case.

In *Michigan Mutual Insurance Co. v. Sunstrum,* 315 N.W.2d 154 (Mich.App.1981)

the court reasoned that "negligent entrustment of a motor vehicle as a cause of action, is derived from the more general concepts of ownership, use or operation of a motor vehicle." The Michigan court reasoned that "although the act of negligently entrusting a motor vehicle is an essential (if not the primary) element of the tort, liability giving rise to the tort is not actually triggered until the motor vehicle is used in a negligent manner resulting in injury." In *Bankert v. Threshermen's Mutual Insurance Co.,* 105 Wis.2d 438, 313 N.W.2d 854 (App.1981) the court concluded that entrusting a vehicle to one "was an exercise of the powers of 'ownership' and 'use' of the vehicle," and that "entrustment of a vehicle was but a form of 'use'." I am in agreement with the reasoning of these two recent decisions.

I would reverse the judgment and grant the relief sought by the insurer.