## Knowlton v. Prudential Property & Casualty Insurance Co.

346

*William F. Campbell, Jr.,* for plaintiffs.
*John L. McIntyre,* for defendant.

FINK, *P.J.,* November 30, 1984—Plaintiffs Michael and Linda Knowlton initiated an action against defendant, Prudential Property and Casualty Insurance Company, hereinafter called Insurance Company, seeking a declaratory judgment on an insurance policy issued to plaintiffs. The herein plaintiffs were initially co-defendants in a wrongful death and survival action previously instituted in this court by plaintiff's decedent against Liberty Mutual Insurance Company, Patricia Loy, Michael and Linda Knowlton (herein plaintiffs) and David Knowlton. The Liberty Mutual Insurance Company was subsequently dropped from the wrongful death and survival suit. Patricia Loy was alleged to be the driver of a motor vehicle and Michael and Linda Knowlton, in the original wrongful death and survival action, were alleged to be the parents of David Knowlton and the owners of a snowmobile which David was operating at the time of the accident which caused the death of original plaintiff's decedent. The allegations in the original complaint, together with the supporting affidavits of respective parties' litigant, set forth that plaintiff's decedent was a guest passenger on the snowmobile operated

by David Knowlton; alleged plaintiff's decedent was 14 years of age; and that David Knowlton was a minor child. An automobile operated by defendant Loy struck the snowmobile operated by defendant David Knowlton when the snowmobile was on the highway and in the process of crossing the highway directly from the driveway leading into the Knowlton residence to an area across said highway where Michael Knowlton was cutting firewood.

The pleadings and affidavits further indicate or allege that the minor, David Knowlton, and plaintiff's decedent were involved in hauling firewood which was being cut by original defendant, Michael Knowlton from the cutting site directly across the highway to the Knowlton residence.

A jury trial was held on the wrongful death and survival action resulting in a verdict for all defendants, but on post-trial motions, the trial judge granted a new trial to plaintiff. Both defendants Knowlton and Loy have appealed to the Superior Court, said appeal being presently pending.

All defendants' Knowlton were represented by private counsel and now seek the declaratory judgment which raises issues of coverage and right to a defense by the Insurance Company. The Insurance Company thereafter filed a motion for summary judgment as to the declaratory judgment action which is presently before us.

The Insurance Company seeks to avoid coverage and duty to defend based upon a specific exclusion set forth in the policy, to wit:

"This policy does not apply to

1. Under Coverage E — Personal Liability and Coverage F — Medical Payments to Others:

a. to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of

(3) Any recreational vehicle owned by an insured, if the bodily injury or property damage occurs away from the residence premises; but this subdivision (3) does not apply to golf carts while used for golfing purposes."

The first issue to be addressed is whether or not the policy issued by the Insurance Company to plaintiffs herein provides liability coverage concerning the wrongful death and survival action instituted against the Knowltons' et al. Plaintiff first argues that the particular exclusionary clause above set forth is ambiguous and, therefore, it is not a matter to be decided by the court in summary judgment and, further, should be construed against the writer of the policy, viz., the Insurance Company, see Standard Venetian Blind Company v. American Empire Insurance Company, 503 Pa. 300, 469 A.2d 563 (1983). Counsel first points out that the words "recreational vehicle" are not defined. For instance, can a motorized vehicle be a "recreational vehicle" used in one way and a "non-recreational vehicle" used in another? Furthermore, the phrase, "away from the residence premises", it is argued by plaintiff, is, likewise, ambiguous, viz., does "away" mean any place physically off from the metes and bounds description of the residential premises of the insured? Does the metes and bounds description of the "residence premises" of plaintiffs herein to go the middle of the paved portion of the highway immediately abutting the premises or does it stop at the shoulder or where the paved portion commences?

This court would be of the belief that absent the contract providing definitions for the word and term above mentioned, it is unambiguous only if a reasonable person of reasonable intellect exercising good business judgment and caution could not give a commonsense interpretation of the particular

word or phrase in context. It would appear that the possible construction by this court as above set forth are reasonable alternate methods of construing the verbiage. We do not agree with counsel for defense that merely because interpretation may be "difficult" is no reason to find the exclusion ambiguous, however, we do find it ambiguous for the reasons above set forth.

Plaintiff provides numerous strings to his bow, the next being that pursuant to Standard Venetian Blind Company case, the exclusion must be clearly set forth in reasonable-size type and readily recognizable as an exclusion. Plaintiff argues the exception herein mentioned is not sufficiently set out in bold-face type or in other ways such as to be sufficiently brought to the attention of the policyholder. With this we disagree. It is the court's opinion that the exclusions are added as such, and furthermore, they are rather easily readable although not easily understood.

Plaintiff next points out that even if the exclusion were to apply, because a recreational vehicle, viz., a snowmobile, was being operated off of or away from the insured's premises, the Insurance Company still must honor contract coverage because of the theory of negligent entrustment. It should here be pointed out that both in the wrontful death and survival complaint as well as in the answer of defendant Loy plus the accompanying affidavits, it is asserted or stated that defendants in wrongful death and survival, Michael and Linda Knowlton, were liable for the death of plaintiff's decedent because as owners of the snowmobile they are statutorily responsible for any death or injury to persons or damage to property resulting from the negligent use or operation of such snowmobile, 75 Pa.C.S. §7729. Therefore, liability predicated on ownership is a separate and

distinct cause of action from liability based on operation and, therefore, it would make no difference where the snowmobile was operated so long as the cause of action was for the ownership. In other words, the exclusion would not apply.

The other half of the negligent entrustment theory is that based upon the pleadings and affidavits, one cause of action asserted by the wrongful death and survival action of plaintiff against Michael and Linda Knowlton is that they, as parents of the minor operator of the vehicle, David Knowlton, were negligent in allowing their minor son to operate a vehicle across a highway while carrying a human passenger. In other words, the negligence is not a matter of location of the snowmobile at the time of the accident but it existed because of the parent/child relationship by the owner as to the operation in their presence as well as the parent/child relationship running between "owner" and "operator". Thus, the exclusion does not apply.

Both counsel have very ably argued this argument. Counsel for defense points to Aetna Casualty & Surety Company v. American Manufacturers Mutual Insurance Company, 261 Ark. 326, 547 S.W.2d 757 (1977) and Gargano v. Liberty Mutual Insurance Company, 384 So. 2d 220, Fla. App. D3 (1980). He also cites Cooter v. State Farm Fire & Casualty Company, 344 So. 2d 496 (Ala., 1977), and Bituminous Casualty Corporation v. Tomey, 130 PLJ 351 (1982).

Plaintiff, on the other hand, points to Cohen v. Erie Indemnity Company, 288, Pa. Super. 445, 432 A.2d 596 (1981), which supports plaintiff's "separation theory" in which the res entrusted is separated from the negligent entrustment and the failure to supervise — thus placing the facts outside of the policy exclusion.

It appears that both counsel agree that our appellate courts have acknowledged that there are two diametrically opposed lines of cases as to this issue. This court would understand that Pennsylvania has adopted the "separation" theory as set forth in Cohen v. Erie Indemnity Company, id. This court would believe that there may also be a distinction in the two diametrically opposed lines of cases based upon facts of the individual case. In the instant case we have a minor child who is the son of the owners who are physically present on the property and who were actually aware of the minor's operation of the snowmobile from the driveway across a traveled road for the purpose of transporting cut wood back to the residence of the parents. It, therefore, becomes clear to this court that the mere allowance of that conduct by the parents and alleged owners of the snowmobile violates the standard of care owed to any person who may be injured thereby. There is a separate and distinct cause of action from the actual negligent operation of the vehicle.

Both parties in argument on the motion presented before the court addressed the issue of whether or not defendant owes a duty of representation to the herein plaintiffs in the wrongful death and survival action which are currently on appeal. We find that the determination by this court in the preceding paragraphs on the issue of granting or denial of summary judgment to plaintiff on the issue of insurance coverage is dispositive of the issue of whether or not a summary judgment should be granted to defendant as it relates to the duty to represent and, thus, the following

## ORDER OF COURT

And now, this November 30, 1984, defendant's motion for summary judgment is hereby denied and

the court administrator of Potter County is directed to schedule the case for non-jury trial.