**Anne L. EKSTROM, Plaintiff–Appellee and Cross–Appellant,**

**v.**

**NORTHERN INSURANCE COMPANY OF NEW YORK, Garnishee–Appellant and Cross–Appellee,**

**and**

**Mallow Plating Works, Inc., Defendant.**

**No. 86CA0099.**

Colorado Court of Appeals,
Div. II.

June 9, 1988.

Rehearing Denied July 7, 1988.

Certiorari Granted (Northern Insurance) Oct. 11, 1988.

Bruce H. DeBoskey, P.C., Bruce H. DeBoskey, Denver, Shelley B. Don, P.C., Shelley B. Don, David L. Hiller, Denver, for plaintiff-appellee and cross-appellant.

Hall & Evans, Eugene O. Daniels, Mark D. Goranson, Merry Ann Vernon, Denver, for garnishee-appellant and cross-appellee.

SMITH, Judge.

Northern Insurance Company of New York (Northern) appeals entry of an order of garnishment against it and in favor of plaintiff, Anne L. Ekstrom, in the amount of $500,000 plus interest. Ekstrom cross-appeals the portion of the court's order which provides for payment of interest on Northern's policy limits of $500,000 rather than on the entire unpaid balance of the underlying judgment against the insured, Mallow Plating Works, Inc. (Mallow). We affirm.

After a jury trial, Ekstrom obtained a judgment of $2,279,279 against Mallow for the negligent hiring, supervision, and retention of an employee and negligent entrustment of a motor vehicle. After part of the judgment was satisfied by the policy limits of a Maryland Casualty Company policy which insured Mallow, Ekstrom filed a writ of garnishment to garnish the proceeds of a policy issued by Northern to Mallow.

■ On a hearing to the court upon stipulated facts, the issue was whether the Northern policy provided coverage for Ekstrom's judgment against Mallow. The trial court concluded, based on *United Fire & Casualty Co. v. Day*, 657 P.2d 981 (Colo. App.1982), that Mallow's special multi-peril policy issued by Northern did not exclude the claim filed by Ekstrom. We agree.

The language in the policy here is nearly identical to that found in the homeowner's policy which was the subject of the *Day* opinion. Northern, however, argues that the added language in its policy, which excludes coverage when "any other automobile or aircraft [is] operated by any person in the course of his employment by any insured," removes the ambiguity found in *Day* to require construction of the insurance contract in favor of the insured. We disagree.

The operative language in *Day* which led to the finding of ambiguity was the clause "arising out of." This precise language is also found in the Northern policy. Furthermore, the ambiguity of this clause is not obviated by Northern's more specific language which details that the exclusion also applies to automobiles used for business purposes. The gist of Ekstrom's claim continues to "arise out of" Mallow's personal conduct in negligently entrusting to his employee an instrumentality (automobile) when he knew, or should have known, that the employee was incapable of responsibly utilizing such instrumentality. *See United Fire & Casualty Co. v. Day, supra; see also Douglass v. Hartford Insurance Co.*, 602 F.2d 934 (10th Cir.1979).

Northern also attempts to distinguish *Day* by arguing that, because Mallow was insured under both an automobile liability policy and a premises liability policy, neither Northern nor Mallow intended that there be coverage for an injury where an automobile was the instrumentality used. This distinction is without merit. *See Milbank Insurance Co. v. Garcia*, 779 F.2d 1446 (10th Cir.1985).

## II.

■ The case of *Security Insurance Co. v. Houser*, 191 Colo. 189, 552 P.2d 308 (1976) is dispositive of Ekstrom's cross-appeal for interest on the entire amount of the judgment previously entered against Mallow. In *Houser*, the absence of any express limitation in the policy as to payment of interest was central to the court's decision that the insurer was liable for interest on the entire judgment. Furthermore, the court found it reasonable to impose such expense on the insurer in view of the insurer's right to control the conduct of the suit.

Here, the use of the term "therein" in the policy in conjunction with "suit defended by the Company" reveals that Northern's liability for interest was intended to be limited. Although Northern shared its parent company and its claim office with the same insurance company which actually litigated and defended the underlying claim of negligent entrustment against Mallow, we recognize that a qualitative difference exists between investigation of a claim and defense of an action.

Accordingly, the judgment of the trial court is affirmed.

KELLY, C.J., and VAN CISE, J., concur.