## WOMACK v. LIFE & CASUALTY INS. CO. OF TENNESSEE.

### No. 1908.

Court of Appeal of Louisiana. First Circuit.

Nov. 17, 1938.

Wm. Frank Gladney and Joe Gladney, both of Baton Rouge, for appellant.

Jones & Stewart, of Baton Rouge, for appellee.

Le BLANC, Judge.

This is a suit in which plaintiff seeks to recover from the defendant the sum of $1,000, plus 20% penalty as attorney's fees, and interest at the rate of 6% per annum from March 26, 1938, until paid, as the named beneficiary of an accident policy of insurance issued by the defendant to her son, Charles W. Babin, deceased.

Plaintiff alleges that on Nov. 8, 1937, defendant sold and issued to her son an "Industrial Travel and Pedestrian policy" providing for coverage for various losses or accidents. The policy is annexed to and made part of her petition. She alleges further that her said son died on March 26, 1938, as the result of a collision between a motor driven delivery truck sometimes called a traffic car and a motor driven passenger bus, owned and operated by the Baton Rouge Electric Company in a public street in the city of Baton Rouge, and that the policy in which she was the named beneficiary was in force at the time of the said collision and her said son's death. She avers that the policy provided for the payment to her as beneficiary the sum of $1,000 if the insured died from injuries received in a collision or in any accident while driving or riding in any private motor driven automobile or motor driven truck, save and except while driving or riding in or on a motorcycle or in or on any side car, trailer, or the other attachment to a motor cycle. She avers unavailing demand for the face amount of the policy; and prays for judgment for the full amount thereof including the penalty and interest just mentioned.

Defendant, for answer, admits the issuance of the policy; that the insured died on March 26, 1938; that the policy was in force at the time of his death; that

plaintiff was named as the beneficiary in the policy and that the deceased insured died from injuries received in an accident but it denies liability on the ground that at the time of the accident the insured was not driving or riding inside of a motor driven truck within the terms and provisions of the policy. In effect, the defense is that the insured at the time he was killed was occupying a vehicle which was specifically excluded in the provisions of the policy itself.

Plaintiff adduced her proof and defendant closed without offering any testimony whatsoever. Before judgment was rendered, however, defendant filed exceptions of no right and no cause of action and submitted the same on the pleadings and on the testimony as produced by the plaintiff. After handing down written reasons, the district judge rendered judgment in favor of the defendant sustaining the exception of no cause of action and dismissing the plaintiff's suit at her costs. From that judgment plaintiff has taken and perfected this appeal.

The pertinent parts of the provisions in the policy which give rise to this controversy are here quoted:

"In consideration of the payment in advance of the weekly premiums specified * * * The Life and Casualty Insurance Company of Tennessee hereby insures the person named * * * against the result of bodily injuries * * * subject to all the provisions and limitations hereinafter contained, as follows:

"Or if the insured shall by collision of or any accident to any * * * motor driven truck inside of which the insured is riding or driving * * * provided that this policy does not cover insured while riding in or on a motorcycle, or in or on any side car, trailer, or other attachment to a motorcycle * * *."

The issuance of the policy with the plaintiff being named the beneficiary therein and the death of the insured by accident in a collision being admitted, the sole question presented is whether or not the insured met his death as the result of such accident while he was riding in a vehicle as contemplated under the coverage of the contract. In other words, was the vehicle a "motor driven truck inside of which the insured was riding or driving" as included in the coverage or did the insured meet his death "while riding in or on a motorcycle or in or on any side car, trailer, or other attachment to a motorcycle" such as was expressly excluded therefrom.

Having in mind the well established jurisprudence relative to the interpretation of insurance contracts which is to the effect that when the terms of such a contract are clear and unambiguous, the courts have no right to change or alter the same, but that when there is doubt as to construction that doubt must be resolved in favor of the insured, we now pass to a discussion of the point involved.

The motor vehicle which the deceased insured was driving is called and advertised by its manufacturer as a "traffic car" which operates "efficiently and economically over any route and can be loaded to more than 1,000 pounds. The closed body makes this vehicle ideal for all articles to be delivered where protection from the weather is necessary and fair-sized loads are carried." From that statement of the manufacturer itself it is apparent that the vehicle is one that is used for commercial purposes in the delivery of merchandise, which after all under the ordinary acceptation of the term is what a truck is used for. It has a chassis, with a fully inclosed differential and tubular axle on semi-elliptical springs, a wheel base of 83" with a dual chain drive, service and emergency brakes, with five braking surfaces, and is powered by a 74 cubic inch motor. It has three wheels, two in the rear joined by the axle just referred to and a single wheel in front. Upon the chassis, a body can be installed, the whole built as one unit and made to handle any type of hauling and delivery. From the pictures offered in evidence it is observed that this body is like that of any ordinary small truck body which rests upon the chassis, extending beyond the wheels and axle in the rear and beyond the driver's seat in front. The driver occupys a saddle which he straddles and he steers the vehicle by means of handlebars. From the testimony introduced it appears that he is protected from the weather in front by a windshield.

The record discloses that five witnesses were called by the plaintiff to give testimony relative to the construction of the vehicle in question and to classify it and all of them called it a motor truck. They were all experienced motor mechanics and had knowledge of the construction and operation of trucks and motorcycles. All of them differentiated this vehicle from a motorcycle, basing the distinction they made on what appears to us to be good and

sound reasons. The witness Joe Burns for example who called it a quarter to a half ton sedan delivery truck stated that a motorcycle has no steel frame and chassis like the motor vehicle here in question. This vehicle has rear springs of an automobile type; it is driven by three chains and sprockets, while motorcycles have only one chain; he compared it to the old type International or White truck as far as the frame was concerned, calling attention to the three brakes and the transmission with a brake drum in the rear which is not found in a motorcycle. None of these witnesses classified this vehicle as a motorcycle or a side car, trailer or other attachment to a motorcycle. Their testimony must be given due consideration and weight in view of it being uncontradicted.

█ The district judge reached the conclusion that the vehicle was not a motorcycle, nor a side car, trailer or other attachment to a motorcycle, and in this, we readily agree. When however he expressed "considerable doubt that it was 'a motor driven truck, inside of which the insured' was riding (in the sense of the policy contract) when he was killed," and upon that doubt rested his decision, we are of the opinion that he fell into error. Assuming that there was doubt to the extent he seems to have entertained, he should have resolved it in favor of the plaintiff and rendered judgment in her favor. The only ground on which the district judge appeared to differentiate the vehicle from a truck was that the method of steering was different and that the driver occupied a saddle instead of a chair seat, that the motor was different from the ordinary truck motor and that it had one wheel in front rather than two. For the purpose of classifying it in its relation to the terms of a policy of insurance, we do not think that the method of steering, nor the manner in which the driver occupys his driving seat, nor the motive power, so long as it is shown to be motor power, nor the number of wheels in front can serve as the reason for holding it to be different from the ordinary light duty truck.

The ultimate basis of the judgment below is that this is not a motor machine or vehicle such as a person rides or drives inside of because he has to straddle rather than to sit upon a seat; that he has no motor under a hood nor a bumper in front of him. When it is conceded however that the vehicle has a top which extends over the seat occupied by the driver and there is also a windshield in front of him, regardless of the manner in which he occupies the driver's position, whether seated or astride a saddle, we are of the opinion that for the purpose of construing the contract in this case he was driving or riding inside of the vehicle and was therefore covered by the policy.

The defendant relies with great confidence on the case of Laporte v. North American Accident Ins. Co., 161 La. 993, 109 So. 767, 48 A.L.R. 1086, but we are unable to find its direct application as authority in this case. There, there was no question but that the vehicle on which the decedent was riding was a motorcycle which we have concluded was not the character of the vehicle involved in the accident in which the insured in this case met his death.

█ Plaintiff has asked that a penalty in the way of attorneys' fees be assessed against the defendant. The only law we know of under which the court would be authorized to impose this penalty is Act No. 310 of 1910. Pretermitting the question whether that act applies to the policy of insurance here sued on, we do not think that the case warrants the imposition of the penalty because in our opinion the defendant had just and reasonable grounds to object to and delay payment until required to do so by judgment of court.

For the reasons herein stated it is now ordered adjudged and decreed that the judgment appealed from be and the same is hereby avoided, reversed and set aside, and it is now ordered further that there be judgment in favor of the plaintiff herein, Mrs. Nina L. Babin, wife of Maurice R. Womack, and against the defendant Life and Casualty Insurance Company of Tennessee, in the full and true sum of $1,000 (one thousand & no/100 dollars), with interest thereon at the rate of 5% per annum from March 28, 1938, until paid, together with all costs of this proceeding.