MELVIN, WOODROW M., Sr., Associate Judge.
The Appellant was the unsuccessful Plaintiff in the trial court. The parties will be referred to as they were in the trial court.
The Plaintiff was riding as a passenger on a motorcycle when the same collided with a vehicle with the result that Plaintiff sustained certain personal injuries. At all times material Plaintiff had an automobile covered by the standard no-fault coverage required by the Florida Automobile Reparations Reform Act issued by the Defendant. Defendant denied coverage and Plaintiff filed her complaint. The trial court granted Defendant’s motion to dismiss the complaint with leave to amend. Upon failure of the Plaintiff to plead further, final judgment was entered in favor of the Defendant and Plaintiff appeals therefrom.
The controlling question in this cause is whether the trial court erred in ruling that the provisions of Section 627.-736(4) (d), Florida Automobile Reparations Reform Act, does not provide coverage for Plaintiff while riding as a passenger of a motorcycle. The trial court ruled that such Section does not provide coverage, and we agree.
The applicable provisions of the law relating to the term “motor vehicle” are found in Section 627.732(1) F.S.A. wherein it is provided:
“As used in §§ 627.730m527.741 :
(1) “Motor vehicle” means a sedan, station wagon, or jeep type vehicle not used as a public livery conveyance for passengers and includes any other four-wheel motor vehicle used as a utility automobile and a pickup or panel truck which is not used primarily in the occupation, profession, or business of the insured.”
*868 And Section 627.736(4) (d) (1), F.S.A. relating to personal injury coverage provides :
“(d) The insurer of the owner of a motor vehicle shall pay personal injury protection benefits for:
1. Accidental bodily injury sustained in this state by the owner while occupying a motor vehicle, or while not an occupant of a motor vehicle or motorcycle if the injury is caused by physical contact with a motor vehicle.” (Emphasis supplied.)
If the legislature intended such coverages to embrace a motor vehicle with less than four wheels, such purpose is not stated or implied. To the contrary, the language employed to set forth the legislative intent leaves no doubt that, as to an occupant of a two-wheel motorcycle, coverage for personal injury protection does not apply. That is the only issue that we determine here.
Appellant strongly urges that Negron v. Travelers Insurance Company, Fla.App., 282 So.2d 28, is dispositive of the issue here presented. A motorcycle was not involved.
Appellant urges that a strict construction of the Statute will visit unjust results upon those injured while riding a motorcycle. That well may be. However, it is not the proper function of this or any other court to amend a law by judicial decree. The legislature will soon convene and, if in its wisdom, the Statute should be restructured, it is the constitutional body authorized so to do.
The Judgment appealed from is affirmed.
BOYER, C. J., and RAWLS, J., concur.