330 So.2d 499 (1976)
FLORIDA FARM BUREAU MUTUAL INSURANCE COMPANY, Appellant,
v.
Lyndell Wayne PITZER, As Father and Next Friend of Lynn Dale Pitzer, a Minor, et al., Appellees.
No. 75-400.
District Court of Appeal of Florida, Fourth District.
April 9, 1976.
Rehearings Denied May 10, 1976.
George B. Pomeroy and John P. Wiederhold, Pomeroy & Betts, Fort Lauderdale, for appellant.
Edward P. Busch, Ser & Keyfetz, Miami, for appellees-Eskew.
J. Jay Simons and Fred J. Berman, Simons & Schlesinger, Hollywood, for appellees-Pitzer.
OWEN, Judge.
This is a suit for declaratory judgment in which appellant sought a determination of its liability for coverage under an automobile liability insurance policy issued by it to one of the appellees herein.
*500 Appellant issued to appellee-Lynn D. Pitzer as the named insured an owner's automobile liability insurance policy insuring a described 1965 Ford automobile. While the policy was in effect, Pitzer, operating a motorcycle owned by Judy Humphreys, was involved in a collision with an automobile operated by appellee-Eskew. Pitzer brought a personal injury action against Eskew who filed a counterclaim, which Pitzer called on appellant to defend. Appellant then filed the instant suit to determine its rights and obligations under the policy, contending that the policy did not provide liability insurance coverage to Pitzer while operating a motorcycle.
Section VI of the insuring agreements of the policy is entitled "USE OF OTHER AUTOMOBILES" and in pertinent part provides as follows:
"If the named insured is an individual ... and if during the policy period such named insured ... owns a private passenger automobile ... covered by this policy, such insurance as is afforded by this policy ... with respect to said automobile applies with respect to the use of any other automobile. .. ." (e.s.)
Since appellee-Pitzer, the named insured, was an individual and during the policy period owned a private passenger automobile covered by the policy, the bodily injury and property damage liability insurance coverage with respect to the described automobile applied with respect to Pitzer's use of any other automobile. The issue here is simply whether at the time of the collision the motorcycle being operated by Pitzer would qualify under insuring agreement VI as "any other automobile."
The definition of "automobile" as set out in the policy is of no help. It simply says that "`automobile' unless specifically stated to the contrary, means the motor vehicle, trailer or semitrailer described in this policy... ." Obviously, this definition of automobile cannot apply to the automobile referred to in the phrase "use of any other automobile." Appellant argues, however, that the definition is helpful because it thereby points to the "type" of vehicle that is intended by the policy language "any other automobile," viz: if the described vehicle is a private passenger car, then "any other automobile" means vehicles of the private passenger car type; if the described vehicle is a motorcycle, then "any other automobile" means motorcycles and similar type vehicles; if the described vehicle is a truck, then "any other automobile" means a truck or similar type vehicle; etc. We reject this argument as unsound, for as appellee-Pitzer points out, under this reasoning, had the policy described a motorcycle as the insured vehicle, and Pitzer had been driving his friend's automobile, appellant's argument would lead to the illogical conclusion that the automobile was not an "automobile" as used in the term "any other automobile."
The policy also defined "automobile" in connection with the medical payments coverage, that definition being identical to the definition quoted in the body of the opinion in the case of Dorrell v. State Fire and Casualty Company, 221 So.2d 5 (Fla.App. 3rd 1969). One might suspect that in the cited case the court inadvertently used the definition of "automobile" as it was there defined in reference to the medical payments coverage. In any event, we know that in the case at bar that definition of "automobile" clearly relates solely and exclusively to the medical payments coverage and is inapplicable to the liability coverage. The trial court erred in concluding to the contrary.
Simply stated, the policy does not define nor delineate what is meant by the word "automobile" as used in the term "any other automobile" in insuring agreement VI. Faced with the question of whether a motorcycle is "any other automobile" as such language is used in the policy, we conclude, for the reasons so aptly stated in Loftus v. Pennsylvania Life Insurance Company, 314 So.2d 159 *501 (Fla.App. 4th 1975), that it is not.
The judgment is reversed and the cause remanded for further proceedings consistent herewith.
REVERSED and REMANDED.
WALDEN, C.J., and ALDERMAN, JAMES E., Associate Judge, concur.