HOBSON, Acting Chief Judge.
This is an interlocutory appeal by the defendant, State Farm, from a partial summary judgment in favor of the plaintiff, Carol M. Nicholson, for reimbursement of costs under her insurance contract incurred as a result of an accident.
Nicholson was injured in a traffic accident on December 3, 1974, when the police vehicle she was driving collided with an automobile. Nicholson then sought, pursuant to her insurance contract, reimbursement for costs in accordance with the personal injury protection (hereinafter PIP) benefits afforded under that contract. State Farm resisted payment, asserting that the three-wheeled police motor vehicle, which the plaintiff occupied at the time of the accident, was specifically excluded under the Florida Automobile Reparations Reform Act (hereinafter “the Act”), F.S. § 627.736(4)(d)(l) as a “motorcycle.” After a hearing the trial court found that the vehicle involved was not a motorcycle which is excepted from such coverage. Thereafter the trial court, as a result of this interpretation of the exclusionary term “motorcycle,” held that Nicholson was entitled to recover PIP benefits from State Farm.
The relevant statute in the Act is F.S. § 627.786(4)(d)(l) which provides that benefits obtain for,
“Accidental bodily injury sustained in this state by the owner while occupying a motor vehicle or while not an occupant of a motor vehicle or motorcycle if the injury is caused by physical contact with a motor vehicle.”
“Motor vehicle” is defined under the Act as,
“. . . [A] sedan, station wagon, or jeep type vehicle not used as a public livery conveyance for passengers and includes any other four-wheel motor vehicle used as a utility automobile and a pickup or panel truck which is not used primarily in the occupation, profession, or business of the insured.” F.S. § 627.732(1).
The latter subsection does not give meaning to the term “motorcycle” as excluded in § 627.736(4)(d)(l) above. Nor does the Act contain any definition of that term. The central question is, then, whether this three-wheeled motor vehicle is excluded, under the PIP provisions of the Act and the insurance policy herein, as a “motorcycle.” For the following reasons we think not and therefore affirm the judgment below.
The term “motorcycle” is defined by Webster’s Third New International Dictionary (1966) as “a 2-wheeled tandem automotive vehicle having one or two riding saddles and sometimes having a third wheel for the support of a sidecar.” This definition has been cited in a recent Florida case denying coverage to an insured killed while riding a motorcycle under an insurance policy providing benefits for accidental bodily injury sustained while driving or riding within any automobile. Loftus v. Pennsylvania Life Insurance Company, Fla.App.4th 1975, 314 So.2d 159. Although controlled by the policy therein, Loftus, supra, held that the term “automobile,” in light of applicable law, modern definitions, and the practical rule that courts will not distort the definition of words utilized in the normal course of the English language in order to impose liability upon an insurer, is not synonymous with the term “motorcycle.” Cf. Florida Farm Bureau Mutual Insurance Company v. Pitzer, Fla.App.4th 1976, 330 So.2d 499.
Similarly, common definitions of the word “motorcycle” contemplate two-wheeled vehicles. See, e. g., 27A Words and Phrases, “Motorcycle.” Although the appellant urges that the language in the recent case of Brandal v. State Farm Mutual Automobile Insurance Company, Fla. App.1st 1976, 327 So.2d 867, suggests that all vehicles of less than four wheels are excluded by F.S. § 627.736(4)(d)(1), we think, despite the reference in that opinion to non-coverage of motor vehicles with less than four wheels, that the case holds otherwise. The First District Court said,
“. . . [T]he language employed to set forth the legislative intent leaves no *862 doubt that, as to an occupant of a two-wheel motorcycle, coverage for personal injury protection does not apply. That is the only issue we determine here.”
The remaining problem with the statute and cases cited is the placement of a three-wheel motor driven vehicle within or without the Act’s coverage, specifically F.S. § 627.736(4)(d)(l). The parties have provided no Florida cases or statutes which are dispositive of this issue. However, two cases from other jurisdictions are directly applicable to the facts herein. See Womack v. Life & Casualty Insurance Co. of Tennessee, La.App.1st 1938, 184 So. 357; LeCroy v. Nationwide Insurance Company, 1959, 251 N.C. 19, 110 S.E.2d 463. In Womack, supra, involving an accident policy insuring against bodily injuries received while riding inside a motor-driven truck but excepting from coverage accidents or collisions on motorcycles, the court there held a similar, if not identical, three-wheeled vehicle was not a motorcycle and was a “traffic car” within the policy’s coverage.
In LeCroy, supra, the insured was covered under a policy providing medical benefits for injuries incurred as a result of being “struck by an automobile.” He was subsequently injured when struck by a three-wheeled “mailster.” The North Carolina Supreme Court, in passing on whether this vehicle was an automobile or a motorscooter, held that the physical characteristics of this “mailster” were determinative in including this motor vehicle within the category known as automobile. Womack, supra, and the analysis used therein, was cited with approval by the court in LeCroy.
We think, without evidence of legislative preference, that the, number of wheels alone is not persuasive in characterizing this police motor vehicle as a motorcycle or a motor vehicle as per F.S. § 627.-736(4)(d)(l). As revealed by the photographs included in the record on appeal the vehicle herein is a three-wheeled Cushman motor-driven vehicle, very similar to the one described in LeCroy, supra. It has an enclosed bench seat with a roof, windshield wipers, and flexible doors to shield the driver from the weather. Significantly, steering is done by means of a steering wheel located inside in the center of the driving cabin. The vehicle, described as a “utility vehicle,” also has two wheels in the rear joined by an axle with the third wheel in front, thereby enabling it to stand upright whether in operation or not. Additionally, there exists a storage area behind the enclosed portion of this utility vehicle which is also capable of being covered.
It is clear that the utility vehicle described herein is sufficient to fall within the categories designated as a “traffic car” or “automobile” in Womack and LeCroy, supra. Indeed, this vehicle, unlike the ones in Womack and LeCroy, supra, has a steering wheel rather than handlebars. Although the appellant urges that we adopt the definition of motorcycle employed in the Florida Traffic Control Law, F.S. § 316.003(22) (any motor vehicle . designed to travel on not more than three wheels), that definition is too restrictive in that it only considers the number of wheels involved in assessing the character of the vehicle. We think the better view and the intent of the legislature in enacting the no-fault act was to exclude from coverage the normal meaning attributed to the word “motorcycle,” given the applicable law and modern definitions. That definition is normally associated with a two-wheel tandem vehicle which the operator straddles without benefit of any enclosure and which must be balanced in operation to maintain equilibrium. The legislature, because of these features, undoubtedly sought to exclude these types of vehicles since the propensity for accidental injury during operation is so much higher. This same fear cannot be attributed to a person riding in an enclosed vehicle with protection from the elements and other vehicles. In conclusion, we hold that the utility vehicle herein was not a motorcycle within the meaning of the Florida Automobile Reparations Reform Act, F.S. § 627.730, et seq.
The partial summary judgment is AFFIRMED.
BOARDMAN and SCHEB, JJ., concur.