SCHEB, Judge.
This case presents the question of whether the “use of other automobiles” provision in a liability insurance policy affords protection to an insured operating someone else’s motorcycle. The trial court entered judgment for the plaintiff/appellee Canter Estate, holding this provision furnished coverage. Defendant/appellant Heritage appeals. We reverse.
Defendant Heritage issued an automobile liability insurance policy to Jacky Lynn Mitchell. Mitchell was involved in an accident on May 13, 1974, while operating a motorcycle owned by Cecil Fields. Roger Canter, who was riding as a passenger on the motorcycle was killed in the accident. When Canter’s estate sued Mitchell, the issue of coverage was raised by Heritage. Once the trial court ruled as a matter of law that Heritage’s policy covered Mitchell, a consent judgment was entered for the policy limits of $10,000 against both Mitchell and Heritage. Heritage, which supplied counsel to Mitchell in the trial court, filed this appeal on its behalf but did not appeal on behalf of its insured.
The relevant part of the policy issued by Heritage to its insured Mitchell stipulated:
“Use of Other Automobiles. If the named insured . . owns a private *1082 passenger automobile covered by this policy, such insurance as is afforded by this policy . . . with respect to said automobile applies with respect to any other automobile . .
There is no definition of “automobile” in the policy applicable to the use of other automobiles coverage.
Recently, the Fourth District Court of Appeal in Florida, Farm Bureau Mutual Ins. Co. v. Pitzer, 330 So.2d 499 (Fla.4th DCA 1976), considered the question now before us. There, our sister court held that under an identical policy provision, where the word “automobile” was not defined, a motorcycle was not “any other automobile” and the insured was not covered by the policy. We agree that the word “automobile” as used in the context of the “use of other automobile” provision before us does not comprehend use of a motorcycle by the insured.
Accordingly, the judgment appealed from is vacated as to Heritage and the trial court is directed to enter a judgment in favor of the defendant Heritage.
GRIMES, Acting C. J., and OTT, J., concur.