387 So.2d 1058 (1980)
Ronald R. JOHNSON and Peggy Johnson, His Wife, and George Crossley, Appellants,
v.
UNIGARD INSURANCE COMPANY, Appellee.
No. 79-1579/T4-663.
District Court of Appeal of Florida, Fifth District.
September 24, 1980.
*1059 David C. Beers of Rogers & Dowling, P.A., Orlando, for appellant Crossley.
Kenneth R. Cate of Maher, Overchuck & Langa, P.A., Orlando, for appellants Johnson.
Brian C. Sanders of Sanders, McEwan, Mims & McDonald, Orlando, for appellee.
SHARP, Judge.
Ronald and Peggy Johnson and George Crossley appeal from a final judgment denying coverage and any duty to defend Crossley on the part of Unigard Insurance Company under its homeowner's liability insurance policy issued to Crossley. Ronald Johnson was injured when he was unable to steer a three-wheel, power driven vehicle, called a Tri-Sport, in Crossley's yard, and crashed into Crossley's mailbox. Crossley gave Johnson no special instructions before letting him ride the Tri-Sport, although it steers differently than motorcycles. The Johnsons sued Crossley for negligent failure to warn or negligent entrustment of a motor vehicle. Crossley cross claimed against Unigard, and a separate trial was held on the coverage issue. We affirm the judgment.
Crossley's homeowner's policy contained the following exclusion:
This policy does not apply:
1. Under coverage E-family liability and coverage F-medical payments to others;
a. To bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of:
.....
(2) any motor vehicle owned or operated by or rented or loaned to any insured; but this subdivision (2) does not apply to bodily injury or property damage occuring *1060 on the residence premises if the motor vehicle is not subject to motor vehicle registration because it is used exclusively on the residence premises or kept in dead storage on the resident premises; or
(3) any recreational motor vehicle owned by any insured, if the bodily injury or property damage occurs away from the residence premises; but this subdivision (3) does not apply to golf carts while used for golfing purposes.
The Unigard policy defined motor vehicle as "a land vehicle, trailer, or semi-trailer, designed for travel on public roads ... but does not include, except while being towed by or carried on a motor vehicle any of the following: utility, boat, camp or home trailer, recreational vehicle, crawler of farm type tractor farm implement or, if not subject to motor vehicle registration, any equipment which is designed for use principally off public roads."
Crossley did not own the Tri-Sport at the time of the accident. It was loaned to him to allow him to test it for marketability. It had a dealer's tag, and the evidence did not establish it was designed for use principally off public roads. In fact, it was tested on Interstate Highway 4. The exclusion in the Unigard policy for motor vehicles, defined broadly as land vehicles "designed for travel on public roads," clearly encompasses the Tri-Sport in this case. See Allstate Ins. Co. v. Almgreen, 376 So.2d 1184 (Fla.2d DCA 1979); Womack v. Life & Casualty Insurance Company of Tennessee, 184 So. 357 (La. App. 1st 1938); LeCroy v. Nationwide Insurance Company, 251 N.C. 19, 110 S.E.2d 463 (1959).
We reject the plaintiffs' further argument that Crossley's negligent entrustment of the Tri-Sport to Johnson creates an independent tort and therefore a separate basis for coverage under the homeowner's liability policy, despite the exclusion for damages arising out of the operation or use of a motor vehicle. Cooter v. State Farm Fire and Casualty Company, 344 So.2d 496 (Ala. 1977).
The clear and unambiguous language here applicable is susceptible of but one meaning: that this homeowner's policy excludes personal liability coverage for bodily injury arising out of the ownership and use of an automobile owned or operated by the insured. It is the very condition spelled out in this exclusion from coverage that must be proved in fixing liability against the insured under the negligent entrustment doctrine. Once the essential elements of the tort claim for negligent entrustment of a motor vehicle are proved, the policy exclusion is likewise legally operative so as to effectively bar liability of the insurer. (Citations omitted.)
344 So.2d at 499.
The appellants have failed to convince us that overlapping and conflicting coverage by homeowners insurers and vehicle insurers, which would necessarily follow adoption of the negligent entrustment theory, is either required by Florida law or in the public interest. Accordingly, the judgment is affirmed.
AFFIRMED.
DAUKSCH, C.J., and FRANK D. UPCHURCH, Jr., J., concur.