*Jones,* 607 S.W.2d 740[2] (Mo.App.1980), and MAI–CR 2d 2.01, Note 2.

No purpose would be served by a full written opinion. Judgment affirmed pursuant to Rule 30.25(b).

STATE of Missouri,
Plaintiff-Respondent,

v.

Pierre SWINK, Defendant-Appellant.

No. 46910.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 13, 1983.

Motion For Rehearing and/or Transfer to
Supreme Court Denied
Jan. 17, 1984.

Application to Transfer Denied
Feb. 15, 1984.

Henry Robertson, Asst. Public Defender, St. Louis, for defendant-appellant.

Kristie Lynne Green, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

### ORDER

PER CURIAM.

Appeal from jury conviction for kidnapping and robbery and court-imposed consecutive five and ten year sentences.

Defendant relies on refusal of his verbose not-in-MAI-CR identification instruction, comparable to that *refused* in *State v. Higgins,* 592 S.W.2d 151 [19, 20] (Mo. banc 1979). Refusal accorded with *State v.*

SHELTER MUTUAL INSURANCE
COMPANY, Respondent,

v.

Winford D. POLITTE, and Clarence B.
Gargus, Appellants.

No. 47203.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 13, 1983.

Motion For Rehearing and/or Transfer to
Supreme Court Denied Jan. 17, 1984.

Application to Transfer Denied
Feb. 15, 1984.

James C. Bradenburg, St. Louis, for appellants.

James E. Godfrey, St. Louis, for respondent.

CRANDALL, Judge.

This appeal involves a suit brought by Shelter Mutual Insurance Company (Shelter) against Winford D. Politte and Clarence B. Gargus to determine coverage under a homeowner's insurance policy issued to Winford D. Politte by Shelter. The trial court ruled in favor of Shelter. We affirm.

The case was submitted to the trial court on a stipulated set of facts. On May 9, 1981, Gargus was a passenger in an automobile owned by Winford Politte and driven by his son, Vernon Politte. The vehicle was involved in an accident in which Gargus sustained injury allegedly due to the negligence of Vernon Politte. At the time of the accident Winford Politte had a homeowner's insurance policy with Shelter. Under the terms of the policy both Winford and Vernon were "insureds" at the time of the accident.

Gargus filed a two-count petition against Vernon and Winford Politte for bodily injury arising out of the automobile accident. The first count was a conventional claim for damages directed at Vernon Politte. The second count, which is the genesis of this litigation, named Winford Politte as the defendant and premised liability on his negligent entrustment of the motor vehicle to Vernon.

Winford Politte made demand upon Shelter to provide a defense in the Gargus action pursuant to the insurance contract. Shelter refused and instituted this declaratory judgment action to determine coverage under the policy.

The relevant policy terms provide:

COVERAGE E—PERSONAL LIABILITY

This Company agrees to pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury or property damage, to which this insurance applies, caused by an occurrence . . . .

\*　　\*　　\*　　\*　　\*　　\*

This policy does not apply:

1. Under Coverage E—Personal Liability . . . a. to bodily injury . . . arising out of the ownership, maintenance, operation, use, loading or unloading of:

\*　　\*　　\*　　\*　　\*　　\*

(2) any motor vehicle owned or operated by . . . any insured.

An "occurrence" is defined as "an accident . . . which results in bodily injury or property damage."

The trial court found in favor of Shelter, ruling that the homeowner's policy did not provide coverage for the negligent entrustment of a motor vehicle. Gargus appeals from that judgment.

■ It is conceded, for the purpose of the declaratory judgment action, that Gargus stated a cause of action against Winford Politte for negligent entrustment of a motor vehicle to his son Vernon. The elements of that cause of action are discussed at length in *Evans v. Allen Auto Rental and Truck Leasing, Inc.,* 555 S.W.2d 325 (Mo. banc 1977). They are:

(1) that the entrustee is incompetent by reason of age, inexperience, habitual recklessness or otherwise;

(2) that the entrustor knew or had reason to know of the entrustee's incompetence;

(3) That there was an entrustment of the chattel;

(4) That the negligence of the entrustor concurred with the conduct of the entrustee as a proximate cause of the harm to plaintiff. *Id.* at 326.

It is undisputed that Winford's tort liability comes within the terms of Coverage E of the insurance policy, and Shelter would be liable to him unless coverage is excluded by the "automobile" exclusionary clause. The question of coverage under a homeowner's insurance policy for negligent entrustment of an automobile is one of first impression in this state. The interpretation of this exclusionary clause has, however, been the subject of much litigation in other states with varying results.

The rationale of the cases which find coverage is perhaps best articulated in *Upland Mutual Insurance, Inc. v. Noel,* 214 Kan. 145, 519 P.2d 737 (1974). In *Upland* the court held that the negligent entrustment action "was not based upon the 'ownership, maintenance, operation, [or] use . . . of . . . automobiles,' even though the immediate cause of the injury . . . was [the entrustee's] operation of the automobile." 519 P.2d at 741. Rather the basis of the tort action is the entrustor's knowingly entrusting an automobile to a careless and reckless driver. Thus, the distinction made in *Upland* and other cases[1] finding coverage is between the *negligent entrustment* (the basis for the entrustor's liability) and the *negligent operation or use* (the basis of the driver/entrustee's liability). It is only

the latter that is excluded from coverage under the policy. The negligent entrustment is held to be a separate, independent, and concurrent cause of the injury and is not excluded.

This analysis ignores the plain words of the exclusionary clause. Gargus' injuries resulted from Winford Politte's entrusting his automobile to his son who operated that automobile. Because an essential element of the liability of the entrustor, Winford, is the concurrent negligence of the entrustee, Vernon, *see Evans v. Allen Auto Rental and Truck Leasing, Inc.,* 555 S.W.2d 325, 326 (Mo. banc 1977), the entrustor's liability necessarily "arises out of" the operation of the motor vehicle. This is the activity for which coverage is specifically excluded in the insurance policy.

As stated in the leading case of *Cooter v. State Farm Fire and Casualty Co.,* 344 So.2d 496 (Ala.1977) (per curiam):

The clear and unambiguous language here applicable is susceptible of but one meaning; that this homeowner's policy excludes personal liability coverage for bodily injury arising out of the ownership and use of an automobile owned or operated by the insured. It is the very condition spelled out in this exclusion from coverage that must be proved in fixing liability against the insured under the negligent entrustment doctrine. Once the essential elements of the tort claim for negligent entrustment of a motor vehicle are proved, the policy exclusion is likewise legally operative so as to effectively bar liability of the insurer. (Citation omitted.)

▇ We find the reasoning of the *Cooter* case persuasive and consistent with the more recent cases in other jurisdictions.[2]

1. *Douglass v. Hartford Insurance Co.,* 602 F.2d 934 (10th Cir.1979); *United Fire & Casualty Co. v. Day,* 657 P.2d 981 (Colo.App.1982); *Republic Vanguard Insurance Co. v. Buehl,* 295 Minn. 327, 204 N.W.2d 426 (1973); *McDonald v. Home Insurance Co.,* 97 N.J.Super. 501, 235 A.2d 480 (App.Div.1967); *Lalomia v. Bankers & Shippers Insurance Co.,* 35 A.D.2d 114, 312 N.Y.S.2d 1018 (1970), *aff'd* 31 N.Y.2d 830, 291 N.E.2d 724, 339 N.Y.S.2d 680 (1972); *Government Employees Insurance Co. v. Chahalis,* 72 Misc.2d 207, 338 N.Y.S.2d 348 (N.Y.Sup.Ct. 1972).

2. *Lumbermens Mutual Casualty Co. v. Kosies,* 124 Ariz. 136, 602 P.2d 517 (Ariz.App.1979); *Aetna Casualty & Surety Co. v. American Manufacturers Mutual Insurance Co.,* 261 Ark. 326, 547 S.W.2d 757 (1977) (en banc); *Safeco Insurance Co. v. Gilstrap,* 141 Cal.App.3d 524, 190 Cal.Rptr. 425 (1983); *Gargano v. Liberty Mutual Insurance Co.,* 384 So.2d 220 (Fla.App.1980);

We therefore hold that because Winford's liability, if any, for Gargus' injuries arises out of the operation or use of the automobile, it is excluded from coverage under the policy.

The judgment of the trial court is affirmed.

KAROHL, P.J., and REINHARD, J., concur.

*State Farm Fire & Casualty Co. v. McGlawn,* 84 Ill.App.3d 107, 39 Ill.Dec. 531, 404 N.E.2d 1122 (1980); *Barnstable County Mutual Fire Insurance Co. v. Lally,* 374 Mass. 602, 373 N.E.2d 966 (1978); *Michigan Mutual Insurance Co. v. Sunstrum,* 111 Mich.App. 98, 315 N.W.2d 154 (1981); *Hanover Insurance Co. v. Grondin,* 119 N.H. 394, 402 A.2d 174 (1979); *Great Central Insurance Co. v. Roemmich,* 291 N.W.2d 772 (S.D.1980); *Fidelity & Guaranty Insurance Underwriters, Inc. v. McManus,* 633 S.W.2d 787 (Tex.1982); *Bankert v. Threshermen's Mutual Insurance Co.,* 110 Wis.2d 469, 329 N.W.2d 150 (1983). *See also Insurance Company of North America v. Waterhouse,* 424 A.2d 675 (Del.Super.Ct.1980); *Johnson v. Unigard Insurance Co.,* 387 So.2d 1058 (Fla.App.1980); *Westchester Fire Insurance Co. v. Continental Insurance Co.,* 126 N.J.Super. 29, 312 A.2d 664 (App.Div. 1973), *aff'd mem.* 65 N.J. 152, 319 A.2d 732 (1974), finding no coverage under the homeowner's policy because coverage is provided by automobile insurance and "dovetailing" the coverages to be mutually exclusive.