463 So.2d 451 (1985)
Richard D. CESARINI, and School Board of Pinellas County, Appellants,
v.
AMERICAN DRUGGIST INSURANCE COMPANY, Appellee.
No. 84-452.
District Court of Appeal of Florida, Second District.
February 6, 1985.
*452 J. Richard Rahter of Kieffer, Georges & Rahter, St. Petersburg, for appellant Cesarini.
Dennis M. Janssen of C. Wade Yeakle, III, P.A., St. Petersburg, for appellant School Bd. of Pinellas County.
Mark E. Hungate and Jeffrey P. Winkler, Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., St. Petersburg, for appellee.
PER CURIAM.
We affirm the final summary judgment which determined that there was no general liability insurance coverage for a personal injury from an accident caused by a school bus which struck plaintiff while driven by a school board mechanic en route to the maintenance garage. The parties agree that the policy excluded from coverage "bodily injury ... arising out of the ... maintenance, operation, [or] use" of the bus.
Appellant, plaintiff below, argues that there was a showing that the Board negligently hired and supervised the driver who was unfit to drive and that the Board's negligence in that respect was the independent, originating act in a chain of events culminating in the driver's negligence in striking plaintiff. Appellant argues that the exclusion is ambiguous because it does not address this type of circumstance in which joint acts of negligence (those of the Board and the driver) combined to cause injury. We disagree. The terms of the exclusion, in our view and that of the trial court, clearly applied to injury arising from the use or maintenance of the vehicle. The use to which the vehicle was being put at the time of the injury governs the applicability of the exclusion. See Gargano v. Liberty Mutual Insurance Co., 384 So.2d 220 (Fla. 3d DCA 1980); Atkins v. Bellefonte Insurance Co., 342 So.2d 837 (Fla. 3d DCA 1977).
Affirmed.
RYDER, C.J., LEHAN, J., and BOARDMAN, EDWARD F., (Ret.) J., concur.