498 So.2d 646 (1986)
Harry DALRYMPLE, Appellant,
v.
IHNEN POOL SERVICE AND SUPPLY, INC., a Florida Corporation, Anthony Ayra, Daniel Starke Amick and South Carolina Insurance Company, Appellees.
No. 4-86-0065.
District Court of Appeal of Florida, Fourth District.
December 10, 1986.
William S. Isenberg of Isenberg & Schlesser, P.A., Fort Lauderdale, for appellant.
James T. Sparkman of Hill, Neale and Riley, Fort Lauderdale, for appellees South Carolina Ins. Co.
WEBSTER, PETER D., Associate Judge.
Appellant, plaintiff below, seeks review of a summary final judgment in favor of appellee South Carolina Insurance Company, holding that a multi-peril policy issued by the Company explicitly excluded coverage for injuries sustained by plaintiff in an auto accident.
Plaintiff was severely injured when a vehicle owned by the Company's insured *647 and driven by a drunken employee of the insured collided with plaintiff's vehicle. Plaintiff sued the Company and its insured, proffering a number of theories for recovery. For purposes of this appeal, however, the only relevant theory is that based on an alleged cause of action for negligent hiring and retention of the employee by the insured. The Company eventually moved for summary judgment on the ground that the following language in its multi-peril policy issued to the insured explicitly excludes coverage:
This insurance does not apply:
... .
(b) to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of
(1) any automobile or aircraft owned or operated by or rented or loaned to any insured, or
(2) any other automobile or aircraft operated by any person in the course of his employment by any insured... .
The court below granted summary judgment, resulting in this appeal.
In Cesarini v. American Druggist Ins. Co., 463 So.2d 451 (Fla. 2d DCA 1985), the court upheld summary judgment in favor of an insurance company on a cause of action for negligent hiring and supervision of an employee who, while driving a vehicle owned by the insured, was involved in an accident resulting in injury to the plaintiff. The decision was based on an exclusion in substance identical to that contained in the multi-peril policy here. Plaintiff does not seriously argue that Cesarini was incorrectly decided. Rather, plaintiff seeks to distinguish Cesarini, arguing that in Cesarini negligent entrustment was the sole proximate cause of plaintiff's injuries, whereas, in this case there existed concurring causes for the injuries  retaining the employee at all and allowing him to drive  and that only the latter cause is excluded under the policy.
This Court does not believe that Cesarini is distinguishable from the present case. In Cesarini, the plaintiff made precisely the type of argument made by plaintiff here  "[a]ppellant argues that the exclusion is ambiguous because it does not address this type of circumstance in which joint acts of negligence (those of the [insured] and the driver) combined to cause injury." 463 So.2d at 452. The court in Cesarini rejected that argument, concluding that the injuries clearly arose from use of the vehicle and that, therefore, the exclusion applied.
This Court believes that Cesarini was correctly decided and that it is consistent with other decisions expressing the law in this State. See, e.g., Volkswagen Ins. Co. v. Dung Ba Nguyen, 405 So.2d 190 (Fla. 3d DCA 1981), pet. for rev. den., 418 So.2d 1280 (Fla. 1982); Atkins v. Bellefonte Ins. Co., 342 So.2d 837 (Fla. 3d DCA 1977). Because plaintiff's injuries clearly arose out of the "operation" or "use" of an "automobile ... operated by [a] person in the course of his employment by [the] insured," the exclusion applies. Accordingly, the summary final judgment must be affirmed.
AFFIRMED.
LETTS and WALDEN, JJ., concur.