**HARTFORD CASUALTY INSURANCE COMPANY, Plaintiff/Respondent,**

v.

**BUDGET RENT–A–CAR OF MISSOURI, INC., Defendant/Appellant.**

**No. WD 47600.**

Missouri Court of Appeals, Western District.

Oct. 12, 1993.

---

David Bruce Sexton, Schulz, Bender, Maher & Blair, J.C. Hambrick, Jr., Kansas City, for defendant-appellant.

Joseph A. Sherman, Steven F. Coronado, Sherman, Taff & Bangert, Kansas City, plaintiff-respondent.

Mary Lou Kuhn, acting pro se.

Before TURNAGE, C.J., and SMART and ELLIS, JJ.

TURNAGE, Chief Judge.

Hartford Casualty Insurance Co. filed a declaratory judgment suit to determine if it was required to defend a suit against Budget Rent–A–Car of Missouri. The court entered judgment in favor of Hartford. Budget contends that the suit was within the coverage of the Hartford policy.

Affirmed.

Early on the morning of January 1, 1991, a shuttle bus owned by Budget was stolen from the Budget lot at KCI Airport by Kent Wright. At the time of the theft Wright was intoxicated and had been observed on the Budget premises by Budget employees. Wright drove the shuttle the wrong way down a highway ramp and the shuttle collided with a car driven by Danny Kuhn. Kuhn died as a result of injuries sustained in the collision.

Mary Lou Kuhn and her two minor children sued Budget for the wrongful death of her husband. Budget requested Hartford to provide coverage for the wrongful death suit under a commercial general liability policy which Hartford had issued to Budget. Hartford declined coverage under an exclusionary clause which reads:

2. Exclusions

This insurance does not apply to:

g. "bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or water craft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading."

The policy defined "bodily injury" and "auto" as follows:

"Auto" means a land motor vehicle ... designed for travel on public roads ...

"Bodily injury" means bodily injury ... sustained by a person, including death resulting from any of these at any time.

The facts are not in dispute. The parties agree that Wright was on the Budget premises in an intoxicated condition when he took the shuttle bus without any authority from Budget and drove it to the scene of the collision with the Kuhn vehicle.

Budget contends that the policy covers the Kuhn wrongful death suit because the suit pleaded negligence in allowing Wright to be on the Budget premises while intoxicated without law enforcement agencies being called to remove him. Budget contends that the Kuhn's suit against Budget was founded only on general negligence in supervising its employees and is not based on a theory that Wright was the agent of Budget or that he was operating the shuttle bus with the consent of Budget at the time of the accident.

An almost identical exclusionary clause was considered in *Shelter Mut. Ins. Co. v. Politte*, 663 S.W.2d 777 (Mo.App.1983). The court found the clause was not ambiguous. *Id.* at 779. In *Politte* the effect of the exclusionary clause was sought to be avoided on the ground that the insured had negligently entrusted the automobile to the person driving at the time of the accident. The court held that an essential element of the liability of the entrustor was the concurrent negligence of the entrustee so that the entrustor's liability necessarily arose out of the operation of the motor vehicle. *Id.* at 779.

In this case an essential element of the liability of Budget is the concurrent negligence of Wright in the operation of the shuttle bus. This for the reason that any negligence on the part of Budget in failing to have Wright removed from the premises would not result in liability on Budget were it not for the use of the shuttle by Wright. Thus, any negligence on the part of Budget necessarily rests on the concurrent negligence of Wright in the operation of the shuttle bus. When liability depends upon the negligence of Wright in operating the shuttle bus, coverage of the shuttle bus at the time of the

accident is specifically excluded by the exclusionary clause. In short, liability on the part of Budget can only be founded on the ownership and use of the shuttle bus. It is these elements, ownership and use of the shuttle bus, which are specifically excluded by the exclusionary clause. Therefore, the exclusionary clause clearly excludes coverage for the accident alleged in the Kuhn petition. Because the exclusionary clause applies to the facts alleged in the Kuhn petition, the Hartford policy did not cover the wrongful death suit.

The judgment is affirmed.

All concur.