658 So.2d 601 (1995)
FRONTIER INSURANCE COMPANY, APPELLANT,
v.
PINECREST PREPARATORY SCHOOL INC., a Florida Corporation, Paul Kupfer and Rhonda Kupfer, as Parents and Natural Guardians of Cassandra Kupfer, a Minor, Appellees.
No. 93-2132.
District Court of Appeal of Florida, Fourth District.
July 19, 1995.
Rehearing, Rehearing, and Certification Denied August 30, 1995.
*602 Bambi G. Blum of Hicks, Anderson & Blum, P.A., Miami, for appellant.
Richard A. Sherman and Rosemary B. Wilder of Richard A. Sherman, P.A., Fort Lauderdale, and Alan L. Landsberg of Law Offices of Alan L. Landsberg, Hollywood, for Hartford Ins. Co. of the Midwest.
Shelley H. Leinicke of Wicker, Smith, Tutan, O'Hara, McCoy, Graham & Lane, P.A., Fort Lauderdale, for appellee Pinecrest Preparatory School, Inc.
Rehearing, Rehearing En Banc, and Certification Denied August 30, 1995.
STONE, Judge.
We affirm a declaratory judgment holding that a Frontier Insurance general liability policy covers an injury to a child. The child fell from a trailer pulled by a pickup truck, which Pinecrest's day camp used as a playground ride, carrying campers through a field of sprinklers. The issue is whether policy exclusions in the general liability policy for automobile-related injuries apply.
The child's parents sued Pinecrest, alleging that camp personnel were negligent in supervising the injured camper. Hartford Insurance, Pinecrest's auto insurer, acknowledged coverage and began to defend. Frontier denied coverage and brought the instant declaratory action to resolve the coverage issue. Hartford intervened to protect its claims to equitable subrogation or contribution from Frontier if it was determined that the Frontier policy afforded coverage.
There is ambiguity in the Frontier policy. One exclusion provides, "This insurance does not apply to: ... g. Bodily injury ... arising out of the ownership, maintenance, use or entrustment to others of any ... `auto' ... owned or operated by ... any insured." "Auto" is elsewhere defined to mean "a land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment. But `auto' does not include `mobile equipment.'" (emphasis added) Another exclusion, h.(1), provides that the insurance does not apply to an injury arising out of "[t]he transportation of `mobile equipment' by an `auto' owned or operated by ... any insured." "Mobile equipment" is defined to mean any of a variety of land vehicles, including the following: "a. Bulldozers, farm machinery, forklifts and other vehicles designed for use principally off public roads;" and "b. Vehicles maintained for use solely on or next to premises you own or rent." (emphasis added) The term "vehicle" is not defined.
The term "auto" in an automobile liability policy is usually broadly construed so as to afford coverage. Government Employees Ins. Co. v. Novak, 453 So.2d 1116 (Fla. 1984). However, a more narrow construction of that term is appropriate in construing exclusionary language in a general liability policy. See St. Paul Fire & Marine Ins. Co. v. Thomas, 273 So.2d 117 (Fla. 4th DCA), cert. denied, 282 So.2d 638 (Fla. 1973). See also Smith v. General Accident Ins. Co. of America, 641 So.2d 123 (Fla. 4th DCA 1994). In any event, it is clear that an exclusionary clause should be strictly and narrowly construed against the drafter. E.g., Demshar v. AAACon Auto Transp., Inc., 337 So.2d 963 (Fla. 1976); General Accident Fire & Life Assurance Corp., Ltd. v. Kellin, 391 So.2d 305 (Fla. 4th DCA 1980).
*603 In this case, it is not the word "auto" standing alone that creates the difficulty in interpreting the exclusion, but the definition of "auto" within the balance of the terms of the exclusionary clause, and particularly the application of the term "vehicle," for which there is no policy definition, to the definition of mobile equipment. The term "auto" in the policy, by policy definition, does not include "mobile equipment" and mobile equipment, by policy definition, does include vehicles maintained for use solely on the premises. The truck was purchased, and the trailer constructed, specifically for playground use as a tram. The truck was rarely taken off campus and the trailer portion never was. Any ambiguity in interpreting the exclusion to determine whether the playground tram is a vehicle maintained for use solely on Pinecrest's premises, hence falling within the term "mobile equipment" and therefore excluded from the definition of "auto," for purposes of the exclusion, must be construed against the insurer. E.g., Triano v. State Farm Mut. Auto. Ins. Co., 565 So.2d 748 (Fla. 3d DCA 1990).
We recognize it has been determined that duplicate coverage for an automobile accident injury covered by an automobile policy is not afforded under a general liability policy simply by alleging negligence in hiring or supervising the negligent party or agency, because the two policies are deemed complementary. E.g., Dalrymple v. Ihnen Pool Serv. and Supply, Inc., 498 So.2d 646 (Fla. 4th DCA 1986) (business multi-peril policy); Johnson v. Unigard Ins. Co., 387 So.2d 1058 (Fla. 5th DCA 1980) (homeowner's policy). However, that is not to say that there can never be overlapping coverage between a general liability and an automobile liability policy. Here, we find the foregoing authority inapposite because one of the negligent acts alleged was the failure of counselors to supervise the injured camper. That allegation is independent of, and unrelated to, acts involving negligent operation, maintenance, construction, hiring, failure to warn, etc., involving the vehicle or its driver. See generally State Farm Ins. Co. v. Seefeld, 481 N.W.2d 62 (Minn. 1992).
Therefore, construing against the insurer the ambiguity in the exclusion, the judgment is affirmed.
POLEN and STEVENSON, JJ., concur.