# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 97-3403

_____

| | | |
|---|---|---|
| St. Paul Fire & Marine Insurance Company, | * | |
| | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | |
| | * | Appeal from the United States |
| William Schrum, Rebecca Schrum, | * | District Court for the |
| | * | Eastern District of Missouri. |
| Defendants, | * | |
| | * | |
| Steve Zotta; Susan Zotta; J.L.Z., by | * | |
| next friend Susan Zotta; S.J.Z., by | * | |
| next friend Susan Zotta, minors, | * | |
| | * | |
| Defendants/Appellants. | * | |

_____

Submitted: February 13, 1998

Filed: July 23, 1998

_____

Before McMILLIAN and WOLLMAN, Circuit Judges, and BOGUE,[1] District Judge.

_____

_____

[1]The HONORABLE ANDREW W. BOGUE, United States District Judge for the District of South Dakota, sitting by designation.

WOLLMAN, Circuit Judge.

Susan and Steve Zotta, and J.L.Z. and S.J.Z., minors, by and through Susan Zotta, (Zottas) appeal from the district court's grant of summary judgment in favor of St. Paul Fire and Marine Insurance Company (St. Paul). We reverse and remand.

## I.

In March of 1996, the Zottas filed a petition in Missouri circuit court against William and Rebecca Schrum. The petition alleged that in 1993, Richard Lee Backes, who resided with the Schrums, sexually abused the Zottas' two minor children while they were in the Schrum home. The Zottas claimed that the Schrums negligently supervised the Zotta children and that the alleged negligence was a direct and proximate cause of the children's harm.

In July of 1996, St. Paul, which had issued a homeowner's policy to the Schrums, filed this action, seeking a declaration that the policy excluded coverage for the Zottas' claim. The district court concluded that the policy's sexual act exclusion precluded coverage and granted summary judgment to St. Paul.

## II.

We review a district court's grant of summary judgment *de novo*. See The Prudential Ins. Cos. of America v. Doe, 140 F.3d 785, 790 (8th Cir. 1998). In this diversity action, interpretation of the insurance policy is a question of state law. See General Cas. Ins. Companies v. Holst Radiator Co., 88 F.3d 670, 671 (8th Cir. 1996). We review *de novo* the district court's interpretation of state law. See Salve Regina College v. Russell, 499 U.S. 225, 231 (1991). When determining the state-law issue of insurance policy coverage, we are bound in our construction of Missouri law by the decisions of the Missouri Supreme Court. See Lindsay Mfg. Co. v. Hartford Accident

& Indem. Co., 118 F.3d 1263, 1267 (8th Cir. 1997).  In the absence of any controlling Missouri Supreme Court authority, we may consider "relevant state precedent, analogous decisions, considered dicta, . . . and any other reliable data."  Id. (quoting Ventura v. Titan Sports, Inc., 65 F.3d 725, 729 (8th Cir. 1995).  In Missouri, the party claiming coverage has the burden of proving coverage under the policy.  See State Farm Fire & Cas. Co. v. Caley, 936 S.W.2d 250, 251 (Mo. Ct. App. 1997).

The sexual act exclusion in the Schrums' policy provides:

SECTION II -- EXCLUSIONS

1.      Coverage E -- Personal Liability and Coverage F -- Medical Payments to others do not apply to bodily injury or property damage:

(j)      arising out of any sexual act, including but not limited to molestation, incest or rape.

Initially, the Zottas contend that the sexual act exclusion is made ambiguous by the policy's controlled substance exclusion, which denies coverage for bodily injury or damage "arising out of the use, sale, manufacture, delivery, transfer or possession by any person of a controlled substance."  In short, they argue that because the controlled substance exclusion applies to all controlled substance activities, whether by the named insured or anyone else, the absence of the all-encompassing language "by any person" from the sexual act exclusion renders the latter ambiguous.  Because we hold for the Zottas on their next argument, we need not address this contention.

The Zottas argue that the sexual act exclusion is not applicable to their negligent supervision claim.  Citing A.R.H. v. W.H.S., 876 S.W.2d 687 (Mo. Ct. App. 1994), they contend that at the core of their claim for negligent supervision is the obligation of the Schrums to protect the children from harm.  The sexual act exclusion, they assert, focuses on the conduct of the actor, here Backes, who caused the harm.  In A.R.H., the

-3-

Missouri Court of Appeals considered whether a young girl who was sexually molested by her step-grandfather could state a cause of action against her grandmother for negligent supervision. See id. at 688. The court held that the girl had stated a cause of action, even though her grandmother claimed that she had no power or right to take any action against the step-grandfather. See id. at 690. In the course of reaffirming Missouri's recognition of a cause of action based upon the theory of negligent supervision, the court stated that "it is the obligation and ability to supervise and control *the child*, not the instrumentality that caused the harm, that is the decisive factor." Id. at 689. The allegations made by the Zottas in this case are similar to the cause of action asserted in A.R.H., in that the focus of the Zottas' suit is the alleged negligence of the Schrums, rather than a sexual act committed by a third person.

St. Paul cites Shelter Mut. Ins. Co. v. Politte, 663 S.W.2d 777, 779-780 (Mo. Ct. App. 1983) for the general proposition that plaintiffs may not evade insurance exclusions through artful pleading. In Politte, an insured owned an automobile that his son was driving when it was involved in an accident. The plaintiff, who was a passenger in the insured's automobile at the time of the accident, filed an action against the insured, alleging negligent entrustment. The Missouri Court of Appeals held that the automobile exclusion within the homeowner's policy precluded recovery. See id. at 779. The Politte decision was premised upon the notion that because an essential element of liability for negligent entrustment is the "concurrent negligence of the entrustee, the entrustor's liability necessarily 'arises out of' the operation of the motor vehicle." Id. St. Paul argues that the present case presents an analogous situation in that the concurrent sexual molestation by Backes should be considered an essential element of the Schrums' negligent supervision liability, thereby triggering the sexual act exclusion. We disagree.

In Centermark Properties, Inc. v. Home Indem. Co., 897 S.W.2d 98, 102-03 (Mo. Ct. App. 1995), the plaintiff was struck by a vehicle owned by an insured that was driven by an unauthorized third party. The plaintiff alleged that the insured had

negligently hired, trained, and supervised its security personnel, resulting in the third party's unauthorized use of the vehicle. Citing <u>Braxton v. United States Fire Ins. Co.</u>, 651 S.W.2d 616 (Mo. Ct. App. 1983), the court held that this cause of action was not precluded by the policy's automobile exclusion. In so holding, the court distinguished <u>Politte</u> by pointing out that in <u>Politte</u> the theory of negligent entrustment was merely incidental to the permissive use of the automobile in a negligent manner. In <u>Centermark Properties</u>, on the other hand, the ownership or use of the automobile was incidental to and not an essential element of the negligence claim against the insured. <u>Id.</u> at 103.

<u>A.R.H.</u> and <u>Centermark Properties</u> lead us to conclude that Backes's alleged conduct is merely incidental to the Zottas' negligence claim against the Schrums. The Zottas contend that the Schrums were negligent in failing to properly supervise and control the Zotta children, thereby affording Backes the opportunity to harm them. "On these facts, these allegations contain separate and non-excluded causes of [the children's] injuries, apart from the [accompanying sexual act]." <u>Centermark Properties</u>, 897 S.W.2d at 103.

The judgment is reversed, and the case is remanded to the district court for entry of a judgment consistent with the views set forth in this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-5-